**Jeremiah HANKINS, Plaintiff,**

v.

**FANSTEEL METALS, INC., and International Association of Machinists and Aerospace Workers, and Lodge 1926 of the International Association of Machinists, Defendants.**

**No. 77-406-C.**

United States District Court,
E. D. Oklahoma.

June 16, 1978.

---

**3.** The provisions in that Act are not meaningfully different from those in W.Va.Code, 19–11–2.

William J. Dale, Tulsa, Okl., for plaintiff.

A. Camp Bonds, Jr., John C. Garrett, Muskogee, Okl., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

MORRIS, Chief Judge.

This action is before the court on defendant Fansteel's motion for summary judgment. A brief has been filed in support of the motion and plaintiff has submitted a response opposing the motion.

Plaintiff brings this lawsuit under Title VII of the Civil Rights Act of 1964, seeking injunctive and declaratory relief and money damages for alleged discriminatory employment practices by the defendants. He asserts that within 180 days of the occurrence of the acts complained of he filed employment discrimination charges with the Equal Employment Opportunity Commission. After referral to the Oklahoma Human Rights Commission, the E.E.O.C. assumed jurisdiction over plaintiff's claim and, according to the complaint, plaintiff received his "Notice of Right to Sue" from the E.E.O.C. on October 12, 1977. This action was filed in this court on November 30, 1977.

In the motion presently before the court, defendant Fansteel argues that summary judgment is appropriate as to it because suit was not filed against it within the time limitations set out in the Act. Defendant contends that plaintiff received his "Notice of Right to Sue" from the E.E.O.C. on April 28, 1977, rather than on October 12, 1977 as alleged in the complaint, and accordingly the action was not filed within the 90-day period after receipt of the notice as required under the Act. In support of its motion, defendant directs the court's attention to "Admissions of Fact" filed by plaintiff on February 17, 1978, wherein plaintiff admits that he received a Notice of Right to Sue with respect to Fansteel on April 28,

1977 and that this suit was not filed within 90 days thereafter.

Plaintiff, in response to the motion, does not dispute defendant's contention that this action was untimely filed with respect to defendant Fansteel. He argues, however, that the 90 day requirement is not so jurisdictional that it cannot be extended. Additionally, he has filed his own affidavit, stating that he believed his complaints against all the defendants herein were being jointly processed, notwithstanding his receipt of the "Notice of Right to Sue" letter regarding defendant Fansteel.

▆▆▆ The court notes at the outset that defendant's motion is more in the nature of a motion to dismiss rather than one for summary judgment, since the 90 day limitation on seeking judicial relief is jurisdictional. Lack of jurisdiction over the subject matter and lack of jurisdiction over the person are matters in abatement rather than matters in bar. Summary judgment deals with the merits and, if granted in favor of a defendant, the judgment is in bar and not in abatement. 6 J. Moore, *Federal Practice* Par. 56.03, at 56–55 (2d ed. 1976).

Matter in abatement should normally be raised by a pre-pleading motion or in the responsive pleading in accordance with Rule 12(b) and not by a motion for summary judgment. Thus lack of jurisdiction over the subject matter should be raised by a motion to dismiss or in the responsive pleading and not by a motion for summary judgment. Similarly, an objection as to . . . personal jurisdiction . . . cannot properly be raised by a motion for summary judgment.

.    .    .    .    .

But since the label attached to a motion is unimportant, a motion for summary judgment for lack of jurisdiction over the subject matter may be treated and disposed of as a motion to dismiss. 6 J. Moore, *Federal Practice* Par. 56.03, at 56–57 to –60 (2d ed. 1976) (footnote omitted).

See also 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1347, at 535 (1969). Accordingly, the court will treat defendant Fansteel's motion as one to dismiss under Rule 12(b)(1), Federal Rules of Civil Procedure.

▆▆▆ Title VII of the Civil Rights Act of 1964 is codified at 42 U.S.C. § 2000e *et seq.* Section 2000e–5(f)(1) provides in part that:

"If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), of this section, whichever is later, the Commission has not filed a civil action under this section  .   .   . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, *the Commission  .   . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought* against the respondent named in the charge (A) by the person claiming to be aggrieved  .   .   .." (emphasis added).

It is well settled that the requirement of filing a civil action within 90 days of receipt of notice of right to sue from the Commission is jurisdictional. *Archuleta v. Duffy's Inc.,* 471 F.2d 33 (10th Cir. 1973); *Stebbins v. Nationwide Mutual Insurance Company,* 469 F.2d 268 (4th Cir. 1972); *Harris v. National Tea Company,* 454 F.2d 307 (7th Cir. 1971); *Beverly v. Lone Star Lead Const. Corp.,* 437 F.2d 1136 (5th Cir. 1971); *Goodman v. City Products Corp., Ben Franklin Div.,* 425 F.2d 702 (6th Cir. 1970). The period runs from the date of receipt of notice from the Equal Opportunity Commission, *Plunkett v. Roadway Express, Inc.,* 504 F.2d 417 (10th Cir. 1974), and cannot be extended for a longer duration. *See Melendez v. Singer-Friden Corp.,* 529 F.2d 321, 323–24 (10th Cir. 1976); *Archuleta v. Duffy's Inc.,* 471 F.2d 33 (10th Cir. 1973); *Swails v. Service Container Corporation,* 404 F.Supp. 835 (W.D.Okl.1975).

In the case at hand, plaintiff admits that he received his notice of right to sue regarding defendant Fansteel on April 28, 1977, more than 90 days prior to the institution of this action on November 30, 1977. There can be no doubt, in light of plaintiff's admission, that this lawsuit was untimely filed under § 2000e–5(f)(1). Plaintiff's reliance on *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), for the proposition that failure to comply with the 90 day requirement is not fatal to instituting suit is misplaced; *Dartt* involved a construction of a different federal statute, the Age Discrimination in Employment Act, 29 U.S.C. § 626(d). Moreover, this is not a case involving a factual background of judicial inaction, commission statutory dereliction or administrative delay, wherein courts have held that equitable considerations warrant a tolling of the statute of limitations. *See Melendez v. Singer-Friden Corp.*, 529 F.2d 321, 324 n. 2 (10th Cir. 1976). The matters leading to the delay in filing this suit were not matters beyond the control of plaintiff, as plaintiff admits being noticed by the E.E.O.C. in April of his right to sue defendant Fansteel within 90 days.

■ Thus it is clear that plaintiff has failed to comply with the time limitations of § 2000e–5(f)(1) in bringing this action and that such failure bars suit against defendant Fansteel on his employment discrimination claims. Our circuit has held that "[a]lthough Title VII should not be construed so strictly as to deny civil rights relief over technicalism, this court is not at liberty to indulge in judicial yielding of statutory limitation for purposes peculiar to the Civil Rights Act." *Melendez v. Singer-Friden Corp., supra. See also Kavanagh v. Noble*, 332 U.S. 535, 68 S.Ct. 235, 92 L.Ed. 150 (1947), *quoted with approval* in *Harris v. National Tea Company*, 454 F.2d 307 (7th Cir. 1971); *Goodman v. City Products Corp., Ben Franklin Div.*, 425 F.2d 702 (6th Cir. 1970).

Accordingly, the court concludes that as plaintiff has failed to comply with the time limitations of § 2000e–5(f)(1), this action must be, and is, dismissed as to defendant Fansteel for lack of jurisdiction.

ORDERED this 16th day of June, 1978.