# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3849

_____

Elizabeth Strand,

        Appellant,

    v.

Diversified Collection Service,
Inc., a California corporation;
John Doe, a/k/a Dan Miller,

        Appellees.

\* \* \* \* \* Appeal from the United States \* District Court for the \* District of Minnesota. \* \* \* \* \*

_____

Submitted: June 16, 2004
Filed: August 12, 2004

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

      Elizabeth Strand brought an action against Diversified Collection Service, Inc. (DCS), for alleged violations of the Fair Debt Collections Practices Act (FDCPA), 15

U.S.C. §§ 1692-1692o. The district court[1] dismissed Ms. Strand's suit for failure to state a claim upon which relief can be granted. We affirm.

I

Within a twenty-day period in 2003, Ms. Strand received from DCS four letters (dated May 28, May 30, June 5, and June 17) attempting to collect a debt. Printed on the envelope of each letter were the terms "D.C.S., Inc." above the return address, "**PERSONAL AND CONFIDENTIAL**" in capital boldface type, and "IMMEDIATE REPLY REQUESTED" in capital reverse typeface. Each envelope also displayed a printed corporate logo depicting a grid with an upward-pointing arrow and the initials "DCS."

Following the receipt of the letters, Ms. Strand brought this suit, alleging DCS violated § 1692f(8) of the FDCPA. Section 1692f(8) prohibits debt collectors from using "unfair or unconscionable" conduct when attempting to collect a debt through the use of "any language or symbols, other than the debt collector's address, on any envelope when communicating with a consumer by use of mails . . . except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

Pursuant to Federal Rule of Civil Procedure 12(b)(6), DCS brought a motion to dismiss Ms. Strand's claim. The district court granted the motion, declining to adopt a strict reading of § 1692f(8). The court reasoned the letters and symbols on the envelopes were benign insofar as they did not reveal they pertained to a debt collection. For the following reasons, we agree and therefore affirm.

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

II

We review *de novo* a district court's decision to grant a motion to dismiss. Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 465 (8th Cir. 2002). Under Rule 12(b)(6), we must accept Ms. Strand's factual allegations as true and grant every reasonable inference in her favor. Id. at 464; Fed. R. Civ. P. 12(b)(6). A motion to dismiss should be granted "as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Frey v. Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. Id.

A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to 'the very last rung on the sophistication ladder.'" Duffy v. Landberg, 215 F.3d 871, 874 (8th Cir. 2000) (quoting Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997)). This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters. Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1054-1055 (8th Cir. 2002).

Section 1692f, in pertinent part, states:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(8) Using *any* language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer

by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

(emphasis added). Ms. Strand contends the language of § 1692f(8) is unambiguous: a debt collector violates § 1692f if it sends a debtor a communication with any language or symbol (other than possibly the collector's business name) printed on the face of the envelope containing the communication.

We first observe Ms. Strand invites us to read § 1692f(8) to create bizarre results likely beyond the scope of Congress's intent in enacting the statute. Under her literal reading of § 1692f(8), a debtor's address and an envelope's pre-printed postage would arguably be prohibited, as would any innocuous mark related to the post, such as "overnight mail" and "forwarding and address correction requested." Cf. Thompson v. Siratt, 95 F.2d 214, 216 (8th Cir. 1938) (suggesting even unambiguous statutes should not be construed according to their terms if the construction leads to "absurd or impracticable consequences").

With this observation in mind, we start our analysis by considering whether DCS violated § 1692f(8) by printing its initials on the suspect envelopes. Contrary to Ms. Strand's view, it is not plainly clear the statute prohibits the use of such initials as a corporate name. While the statute forbids use of "any language or symbol," it makes an exception for the debt collector's business name, so long as the name does not reveal the collector's business. At issue then is whether the word "name," as used in the statute, encompasses references to a corporation by its initials.

We believe the word, as used modernly in commerce, can mean not only an appellation in the traditional sense of the word but also a more-abstract signifier, such as initials. In today's culture, when memorable brevity is paramount and words and statements are so commonly reduced to letters and numerals (e.g., Y2K), initials often have a wider currency than the names they represent. Take, for instance, the

-4-

corporate entities widely known as IBM, AOL, ESPN, and AT&T rather than by their spelled-out names. We conclude there is sufficient doubt about the scope of the word "name" in § 1692f(8) to permit us to examine the Congressional purpose underlying the FDCPA. See Dowd v. United Steelworkers of Am., Local No. 286, 253 F.3d 1093, 1099 (8th Cir. 2001) (stating "when the meaning of a statute is questionable, the statute should be given a sensible construction and construed to effectuate the underlying purposes of the law").

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). In Masuda v. Thomas Richards & Co., the plaintiff brought a claim similar to Ms. Strand's, alleging the defendant violated § 1692f(8) by using the phrases "Personal & Confidential" and "Forwarding and Address Correction Requested." 759 F. Supp. 1456, 1466 (C.D. Cal. 1991). The court observed "Congress's intent in protecting consumers . . . would not be promoted by proscribing benign language" because Congress enacted §1692f(8) simply to prevent debt collectors from "using symbols on envelopes indicating that the contents *pertain to debt collection*." Id. (citing S. Rep. No. 95-382 at 8 (1977), reprinted in 1977 U.S.C.C.A.N. at 1702) (emphasis in the original).[2]

In light of such clear and universal pronouncements on the purpose of the FDCPA, we believe a reading of the word "name" encompassing initials and logos does not thwart Congressional purpose in any way. On the contrary, such abstracted business names reveal less about the nature of a business, and thus there is a

---

[2]Other district courts have adopted similar views. See Lindbergh v. Transworld Sys., Inc., 846 F. Supp. 175, 180 (D. Conn. 1994) (holding the use of the word "Transmittal" and a symbol consisting of a blue stripe did not violate § 1692f(8)); Johnson v. NCB Collection Servs., 799 F. Supp. 1298, 1304-1305 (D. Conn. 1992) (holding the use of phrase "Revenue Department" did not violate § 1692f(8)).

*decreased* risk they will invade the debtor's privacy and peace of mind by disclosing the debtor is the subject of a collection. In this case too, therefore, the strict adherence to the literal word less advances the purposes of the statute than a liberal reading consistent with modern custom and usage. To summarize, we believe the statute is subject to more than one reading, and we conclude the broader reading effectuates the underlying purposes of the statute and therefore represents a more sensible construction. By a natural extension, this construction also renders benign the neutral logo and innocuous phrases printed on the DCS envelopes.[3]

Ms. Strand contends that, even if benign words and symbols do not violate the FDCPA, there is a triable issue as to whether the letters and symbols in this case were benign. As a matter of law, however, we conclude the language and symbols were benign because they did not, individually or collectively, reveal the source or purpose of the enclosed letters. Even from the perspective of an unsophisticated consumer, the envelopes must have appeared indistinguishable from the countless items of so-called junk mail found daily in mailboxes across the land.

---

[3]The Federal Trade Commission, the administrative agency charged by Congress to interpret and enforce the statute, has adopted a similar view. As the agency has explained:

> A debt collector does not violate this section by using an envelope printed with words or notations that do not suggest the purpose of the communication. For example, a collector may communicate via . . . a letter with the word "Personal" or "Confidential" on the envelope.

FTC, Statement of General Policy or Staff Commentary on the Fair Debt Collections Practices Act, 53 Fed. Reg. 50,097, 50108 (Dec. 13, 1988).

III

Because an interpretation of § 1692f(8) exempting benign words and symbols better effectuates Congressional purpose, and because a strict reading would lead to bizarre and impracticable consequences, we conclude the statute does not proscribe benign language and symbols such as those printed on the envelopes Ms. Strand received from DCS. Accordingly, we affirm the district court's decision to dismiss her claim.

_____