BODIE J. WEEDER, APPELLANT, V. CENTRAL COMMUNITY COLLEGE, A POLITICAL SUBDIVISION, AND MIKE SWANSON, INDIVIDUALLY AND AS AN EMPLOYEE OF CENTRAL COMMUNITY COLLEGE, APPELLEES.

691 N.W.2d 508

Filed January 14, 2005. No. S-03-1174.

Dean J. Sitzmann and Nichole S. Bogen, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., for appellant.

Lucy Higgins Sinkular and David C. Huston, of Huston & Higgins, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## I. INTRODUCTION

Bodie J. Weeder brought an action against Central Community College and its employee Mike Swanson (collectively CCC) pursuant to the Political Subdivisions Tort Claims Act (the Act). CCC filed a motion to dismiss Weeder's petition. The district court for Buffalo County granted CCC's motion. Weeder appeals. We moved the case to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## II. FACTUAL BACKGROUND

The pleadings indicate that on April 11, 2002, Weeder sent by certified mail a letter to the board of governors of the college. In that letter, which Weeder stated was to serve as notice of the filing of a tort claim against CCC pursuant to the Act, Weeder alleged that on April 18, 2001, he was injured while demonstrating welding techniques at an off-campus recruitment project. Weeder's letter contended that at the time he suffered his injury, he was being supervised by Swanson, who was a welding instructor at the college. Thereafter, on July 18, 2002, Weeder sent a second letter to CCC withdrawing the claim and notifying CCC that his attorney was authorized to commence a lawsuit against CCC on Weeder's behalf. On April 18, 2003, Weeder filed suit against CCC.

In response to Weeder's "petition," CCC filed a motion entitled "Motion to Dismiss for Failure to Comply With the Political Subdivisions Tort Claims Act Filing Requirements," which motion we will refer to as a "motion to dismiss." In that motion to dismiss, CCC, "pursuant to the Nebraska Rules of Pleading in

Civil Action, Rule Nos. 8(c) and 12(b)," moved the district court as follows:

1. To dismiss the action against the Defendant Mike Swanson on the grounds that no claim was filed against him with the governing body of the political subdivision. Neb. Rev. Stat. §13-920 [(Reissue 1997)].

2. To dismiss the action on the grounds that . . . Weeder failed to comply with the Political Subdivisions Tort Claims Act requirement that he withdraw his claim before commencing suit. Neb. Rev. Stat. §13-906 [(Reissue 1997)].

3. To dismiss the action on the grounds that . . . Weeder failed to comply with the Political Subdivisions Tort Claims Act requirement that he file his petition against these defendants within two years after his claim accrued. Neb. Rev. Stat. §13-919 [(Reissue 1997)].

The district court granted CCC's motion to dismiss in a detailed journal entry. In that journal entry, the court initially addressed paragraph 1 of CCC's motion regarding defendant Swanson and Swanson's specific argument that "it [the claim] fails to specifically request a recovery against the employee [Swanson]." Finding that the claim sufficiently requested a recovery against Swanson, the district court denied the motion to dismiss, based on paragraph 1. Neither the college nor Swanson cross-appealed from this ruling.

The court next addressed paragraph 2 of CCC's motion, which asserted that Weeder failed to comply with the Act by withdrawing his claim before commencing suit. Finding in favor of CCC, the court reasoned:

The record as presented by the parties and noted before indicates that [Weeder] filed his claim with the political subdivision on April 11, 2002 and withdrew the claim on July 18, 2002 prior to the expiration of the 6 month period that the subdivision is allowed pursuant to the statutes to consider a claim. The petition was then filed with the Court on April 18, 2003. . . .

Political subdivisions as well as the State itself are immune from tort claims except to the extent the State allows itself to be sued. Sections 13-901 et seq of the Nebraska

Statute creates the substantive and procedural rules by which the State allows itself to be sued. Both sections 13-906 and 13-920 are specific in directing that "no suit shall be permitted on a claim" unless the political subdivision has denied the claim or has had a 6 month opportunity to consider the claim. The clear and precise meaning of the statutes of this State prohibit the filing of a claim that has not been denied prior to the running of the 6 month period. This Court therefore finds that the premature filing of this litigation is in fact a nullity and this Court is without jurisdiction to consider the claim as presented. [CCC's] motion to dismiss is therefore sustained.

In its ruling, the district court made no findings with respect to paragraph 3 of CCC's motion to dismiss, and neither party asserts any error in that regard.

Weeder filed a motion for new trial, asking the district court to "reexamine its decision to dismiss . . . and reinstate the action as previously filed." The district court denied Weeder's motion, and Weeder appeals.

## III. ASSIGNMENTS OF ERROR

On appeal, Weeder argues that the district court erred in (1) finding that it was without jurisdiction to consider Weeder's claim and (2) sustaining CCC's motion to dismiss.

## IV. STANDARD OF REVIEW

A district court's grant of a motion to dismiss for failure to state a claim under Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Kellogg v. Nebraska Dept. of Corr. Servs., ante* p. 40, 690 N.W.2d 574 (2005) (adopting federal standard of review for motions to dismiss and stating that this court will look to federal court decisions for guidance regarding pleading rules, as Nebraska's rules are now modeled after federal rules). See, also, *Chepstow Ltd. v. Hunt*, 381 F.3d 1077 (11th Cir. 2004) (specifically applying de novo standard of review to trial court's grant of rule 12(b)(6) motion); *Brown v. Nationsbank Corp.*, 188 F.3d 579 (5th Cir. 1999) (same).

## V. ANALYSIS

### 1. WEEDER'S MOTION FOR NEW TRIAL

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004). At issue is whether Weeder's notice of appeal was timely filed.

The district court sustained CCC's motion to dismiss and entered judgment on August 14, 2003. Thereafter, Weeder filed a pleading entitled "Motion for New Trial" on August 22. That motion was overruled on September 11, and Weeder filed his notice of appeal on October 8.

A new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee, or a trial and decision by the court. Neb. Rev. Stat. § 25-1142 (Cum. Supp. 2002); *Central Neb. Pub. Power v. Jeffrey Lake Dev.*, 267 Neb. 997, 679 N.W.2d 235 (2004). In this case, we are presented with a court granting a motion to dismiss. Such action is not a verdict by a jury or a trial and decision by the trial court. As a result, Weeder's motion for new trial was not a proper motion and would not toll the time for filing a notice of appeal.

However, we have stated that a postjudgment motion must be reviewed based on the relief sought and not based on its title. See, *Central Neb. Pub. Power v. Jeffrey Lake Dev., supra*; *State v. Bellamy*, 264 Neb. 784, 652 N.W.2d 86 (2002). As a result, the issue is whether Weeder's August 22, 2003, motion could be viewed as a motion to alter or amend the judgment pursuant to Neb. Rev. Stat. § 25-1329 (Cum. Supp. 2002), which would toll the time for filing a notice of appeal.

In order to qualify for treatment as a motion to alter or amend the judgment, the motion must be filed no later than 10 days after the entry of judgment, as required under § 25-1329, and must seek substantive alteration of the judgment. See, *Central Neb. Pub. Power v. Jeffrey Lake Dev., supra*; *State v. Bellamy, supra.* In this case, Weeder's August 22, 2003, motion for new trial was filed within 10 days of the district court's grant of the motion to dismiss on August 14. Furthermore, in his August 22 motion, Weeder asked the district court, inter alia, to

"reexamine its decision to dismiss . . . and reinstate the action as previously filed." We conclude that this language seeks substantive alteration of the judgment of the district court dismissing Weeder's action. As a result, Weeder's August 22 motion qualifies as one to alter or amend the judgment under § 25-1329, and tolled the time for filing a notice of appeal. Weeder's appeal was timely, and we have jurisdiction over this matter.

We pause briefly to note that since Neb. Rev. Stat. § 25-1912(3) (Cum. Supp. 2002) was amended in 2000, see 2000 Neb. Laws, L.B. 921, this court or the Court of Appeals, on repeated occasions, has found it necessary to determine whether an improperly filed motion for new trial could be viewed as one to alter or amend a judgment. See, *Diversified Telecom Servs. v. Clevinger*, 268 Neb. 388, 683 N.W.2d 338 (2004); *Central Neb. Pub. Power v. Jeffrey Lake Dev., supra*; *DeBose v. State*, 267 Neb. 116, 672 N.W.2d 426 (2003); *State v. Bellamy, supra*; *Vesely v. National Travelers Life Co.*, 12 Neb. App. 622, 682 N.W.2d 713 (2004). In the future, we request the practicing bar to carefully consider the nature of the proceeding prior to filing any motion calling into question a court's judgment.

We now turn to Weeder's assignments of error.

## 2. DISTRICT COURT'S FINDING THAT IT LACKED JURISDICTION

In Weeder's first assignment of error, he contends the district court erred in concluding that it was without subject matter jurisdiction to consider his action. The district court's determination that it lacked subject matter jurisdiction was premised upon its conclusion that Weeder's tort claim was not properly presented. In its brief, CCC appears to concede that the district court possessed subject matter jurisdiction.

 This court has held that the filing of a tort claim, rather than being jurisdictional in nature, is a condition precedent to instituting a suit against a political subdivision. See, *Keller v. Tavarone*, 262 Neb. 2, 628 N.W.2d 222 (2001); *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990). See, also, *Cole v. Isherwood*, 264 Neb. 985, 653 N.W.2d 821 (2002) (applying rationale of *Keller* and *Millman* to State Tort Claims Act). Thus, we concur with Weeder that the district court erred in

determining that it lacked subject matter jurisdiction. However, this conclusion is not dispositive of this appeal, as we must now determine, given the grounds stated in paragraph 2 of CCC's motion, whether the court properly dismissed the action.

### 3. EFFECT OF NEBRASKA RULES OF PLEADING IN CIVIL ACTIONS

■ Having concluded that Weeder's alleged failure to comply with the Act is not jurisdictional but a condition precedent, our case law would require that such noncompliance be raised as an affirmative defense in either a demurrer or answer, or it is waived. See, *Big Crow v. City of Rushville*, 266 Neb. 750, 669 N.W.2d 63 (2003); *Cole v. Isherwood, supra* (decided under State Tort Claims Act); *Millman v. County of Butler, supra*. However, effective January 1, 2003, this court, pursuant to authorization granted by Neb. Rev. Stat. § 25-801.01 (Cum. Supp. 2002), promulgated the new Nebraska Rules of Pleading in Civil Actions. These rules were in effect at the time Weeder filed this action. Under the new rules, the demurrer has been abolished. See Neb. Ct. R. of Pldg. in Civ. Actions 7(c) (rev. 2004). See, also, § 25-801.01(2)(c). Thus, we must decide whether CCC's motion to dismiss was an appropriate method in which to raise this affirmative defense under our civil pleading rules.

As an initial matter, we note that CCC entitled its motion a "Motion to Dismiss for Failure to Comply With the Political Subdivisions Tort Claims Act Filing Requirements." Prior Nebraska case law has held that a pretrial motion to dismiss was generally not a permissible pleading. See, e.g., *Anderson v. Matthis*, 246 Neb. 215, 518 N.W.2d 94 (1994); *In re Application of City of Lincoln*, 243 Neb. 458, 500 N.W.2d 183 (1993); *Pappas v. Sommer*, 240 Neb. 609, 483 N.W.2d 146 (1992); *Cool v. Sahling Trucks, Inc.*, 237 Neb. 312, 466 N.W.2d 71 (1991); *United States Fire Ins. Co. v. Affiliated FM Ins. Co.*, 225 Neb. 218, 403 N.W.2d 383 (1987); *Voyles v. DeBrown Leasing, Inc.*, 222 Neb. 250, 383 N.W.2d 36 (1986). However, these opinions predate Nebraska's new civil pleading rules.

■ Federal courts routinely refer to federal rule 12(b) motions as motions to dismiss, see, e.g., *Maki v. Allete, Inc.*, 383 F.3d 740 (8th Cir. 2004); *Strand v. Diversified Collection*

*Service*, 380 F.3d 316 (8th Cir. 2004); and *Iowa Network Services, Inc. v. Qwest Corp.*, 363 F.3d 683 (8th Cir. 2004), while treatises on federal civil procedure also use that term in reference to federal rule 12(b) motions. See, e.g., 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1349 to 1359 (2d ed. 1990 & Supp. 2002). See, also, *Kellogg v. Nebraska Dept. of Corr. Servs., ante* p. 40, 690 N.W.2d 574 (2005); *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003) (recognizing that Nebraska courts will look to federal decisions interpreting corresponding federal rules for guidance in interpreting similar Nebraska pleading rules); *Gernstein v. Lake*, 259 Neb. 479, 610 N.W.2d 714 (2000) (same). As such, we conclude that a rule 12(b) motion can properly be entitled as a motion to dismiss. To the extent our prior case law holds there is no pretrial motion to dismiss, that case law has been abrogated by the Nebraska Rules of Pleading in Civil Actions.

### (a) Asserting Affirmative Defenses in Rule 12(b)(6) Motion to Dismiss

We now turn to whether a rule 12(b)(6) motion to dismiss is a proper method by which to raise the affirmative defense in question. As rule 12(b) is substantially identical to Fed. R. Civ. P. 12(b), we again look to federal cases interpreting similar federal rules for guidance. See, *Bailey v. Lund-Ross Constructors Co., supra*; *Gernstein v. Lake, supra.*

Nebraska's rule 12(b) states:

Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(1) lack of jurisdiction over the subject matter;

(2) lack of jurisdiction over the person;

(3) [reserved]

(4) insufficiency of process;

(5) insufficiency of service of process;

(6) that the pleading fails to state a claim upon which relief can be granted;

(7) failure to join a necessary party.

It is common practice under the Federal Rules of Civil Procedure to allow an affirmative defense to be asserted in a rule 12(b)(6) motion when, on the face of the complaint, allegations are included which could be the subject of an affirmative defense. See, *Varner v. Peterson Farms*, 371 F.3d 1011 (8th Cir. 2004); *Hafley v. Lohman*, 90 F.3d 264 (8th Cir. 1996); *Weaver v. Clarke*, 45 F.3d 1253 (8th Cir. 1995); 2 James Wm. Moore, Moore's Federal Practice § 12.34[4][b] (3d ed. 2004); 5A Wright & Miller, *supra*, § 1357. Such practice is similar to our prior demurrer jurisprudence. See, *L.J. Vontz Constr. Co. v. Department of Roads*, 232 Neb. 241, 440 N.W.2d 664 (1989); *Card v. Card*, 174 Neb. 124, 116 N.W.2d 21 (1962); *In re Estate of McCleneghan*, 145 Neb. 707, 17 N.W.2d 923 (1945). Cf., *Houska v. City of Wahoo*, 227 Neb. 322, 417 N.W.2d 337 (1988); *Marsh-Burke Co. v. Yost*, 102 Neb. 814, 170 N.W. 172 (1918).

A rule 12(b)(6) motion is generally considered to be the modern day equivalent of the demurrer. *Tregenza v. Great American Communications Co.*, 12 F.3d 717 (7th Cir. 1993). See, also, 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1355 (2d ed. 1990 & Supp. 2002) (citing various cases stating relationship between demurrer and rule 12(b)(6) motion). Weeder's "petition" alleged that he submitted his claim to CCC on April 11, 2002, and that he gave notice he was withdrawing his claim on July 18. In our de novo review, we determine that the "petition," on its face, included allegations which could be the subject of an affirmative defense under Neb. Rev. Stat. § 13-906 (Reissue 1997). Thus, we conclude that CCC could properly assert an affirmative defense of failure to comply with the Act in its motion to dismiss.

### (b) CCC's Failure to Specifically Refer to Rule 12(b)(6) in Its Motion to Dismiss

In its motion to dismiss, CCC raised three affirmative defenses without specifically referring to subsection (6) of rule 12(b). Instead, CCC's motion to dismiss referred only to Neb. Ct. R. of Pldg. in Civ. Actions 8(c) (rev. 2003) and rule 12(b). We conclude, however, that CCC's failure to specifically reference subsection (6) of rule 12(b) is not fatal. See, generally, *State of Louisiana v. United States*, 656 F. Supp. 1310 (W.D. La.

1986) (court treated motion under rule 12(b)(2) as one under rule 12(b)(6), reasoning that substance of 12(b) motion controls over its form); *Hankins v. Fansteel Metals, Inc.*, 452 F. Supp. 509, 511 (E.D. Okla. 1978) (court treated motion for summary judgment as motion to dismiss under rule 12(b)(1), since " 'label attached to a motion is unimportant' "); 5A Wright & Miller, *supra*, § 1347 at 186 ("technical accuracy in the designation of the specific rule under which the defense, motion, or objection is asserted, is [not] critical to its presentation and determination"). We now turn to the issue of whether CCC's motion to dismiss properly presented the affirmative defense upon which the district court dismissed Weeder's action.

Weeder argues that paragraph 2 of CCC's motion to dismiss did not assert the affirmative defense upon which the district court based its ruling. Paragraph 2 of CCC's motion asserts that Weeder's complaint should be dismissed "on the grounds that ... Weeder failed to comply with the Political Subdivisions Tort Claims Act requirement *that he withdraw his claim before commencing suit.* Neb. Rev. Stat. §13-906 [(Reissue 1997)]." (Emphasis supplied.)

A review of the district court's journal entry supports Weeder's argument. It is clear from this review that the district court's basis for dismissing the action was not that Weeder failed to withdraw his claim before commencing suit, but that Weeder failed to allow CCC 6 months to consider the claim before withdrawing it and commencing this action. CCC does not specifically contend otherwise, but argues its affirmative defense was sufficiently raised by its citation generally to § 13-906 in paragraph 2 of its motion to dismiss. In response, Weeder states:

> Surely [CCC is] not allowed to argue one way in their Motion to Dismiss that [Weeder] failed to withdraw his claim, and then for the first time on appeal argue that [Weeder] was aware of their affirmative defense that he withdrew his claim too early. It would be manifestly unfair to [Weeder] for this Court to affirm the decision of the District Court because [Weeder] was never given adequate notice of the affirmative defense nor an opportunity to present evidence to rebut it.

Reply brief for appellant at 4-5.

With the adoption of our new civil pleading rules, we must determine the appropriate standard to utilize when deciding whether an affirmative defense has been adequately asserted. We again look to federal cases interpreting those federal rules for guidance. See *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003).

The federal rules were designed to liberalize pleading requirements. See, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). This liberalization extends to the pleading of affirmative defenses. See, *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) ("liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses"); *Barnwell & Hays, Inc. v. Sloan*, 564 F.2d 254, 256 (8th Cir. 1977) (noting that federal rules were intended to liberalize pleading requirements and that failure to use term "waiver" in answer "impose[d] a requirement of undue formalism . . . inconsistent with that liberal purpose"); *American Motorists Ins. Co. v. Napoli*, 166 F.2d 24 (5th Cir. 1948) (liberal rules of pleading not premised on extensive factual allegations and thus simply pleading contributory negligence was sufficient to preserve defense).

In considering liberalization of our pleading rules ushered in by this court's adoption of its new rules of civil pleading, the inquiry is whether Weeder was afforded fair notice of the nature of the defense. See, *Perez v. U.S.*, 830 F.2d 54 (5th Cir. 1987) (purpose of federal rules requiring pleading of affirmative defense is to prevent unfair surprise; instead, pleading of affirmative defenses should provide fair notice of defense to plaintiff); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 at 455-56 (2d ed. 1990) ("[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense"). Cf. *Conley v. Gibson*, 355 U.S. at 47 ("all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

Thus, while the Nebraska Rules of Pleading in Civil Actions, like the federal rules, have a liberal pleading requirement

for both causes of action and affirmative defenses, the touchstone is whether fair notice was provided. Based on our de novo review, we conclude that Weeder was not given fair notice of the nature of CCC's defense.

Although it is true that CCC cited generally to § 13-906, paragraph 2 of its motion to dismiss specifically asserted that Weeder had failed to "comply with the . . . requirement that he *withdraw his claim*." (Emphasis supplied.) The language chosen by CCC did more than, in CCC's words, "[refer] to the provisions for withdrawing a claim [in § 13-906]." Brief for appellees at 3. Indeed, the language it chose specifically referred to only that portion of § 13-906 requiring any claim to be withdrawn before suit is instituted. The chosen language did not make any reference to the 6-month period to which CCC was entitled to consider Weeder's claim before Weeder could have withdrawn it from CCC's consideration and filed suit.

Had the district court ruled on the affirmative defense asserted by CCC in paragraph 2 of its motion to dismiss, the district court would have had no option but to deny CCC's motion. The face of Weeder's "petition" alleged in part that "[o]n July 18, 2002 . . . notice of withdrawal of the Claim was mailed . . . withdrawing the Claim from further consideration . . . ."

Under these circumstances, the language chosen by CCC provided Weeder with notice only of CCC's claim that Weeder had failed to withdraw his claim. Such did not provide Weeder with notice of CCC's claimed affirmative defense that Weeder had, in fact, withdrawn that claim prematurely. In reaching this determination, we note that no record was made of the proceedings held on June 26, 2003, the date the district court heard CCC's motion to dismiss. We therefore have no means of knowing whether CCC's argument at the hearing was more expansive than that which we have determined was set forth in paragraph 2.

Finally, although CCC relied on both rules 8(c) and 12(b), rule 8(c) does not govern a defendant's right to assert an affirmative defense in a motion to dismiss. Rather, rule 8(c) provides that a defendant has the burden of pleading an affirmative defense in a responsive pleading. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1270 and 1277 (2d ed. 1990 & Supp. 2002). As discussed, whether an

affirmative defense may be raised in a motion to dismiss is governed by rule 12(b). Therefore, we need not further discuss the relevance of rule 8(c) to this appeal.

Upon our de novo review, we conclude that the district court erred in granting CCC's motion to dismiss.

## VII. CONCLUSION

The district court's order granting CCC's motion to dismiss is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.