# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

No. 10-3848
_____

Vivian Dorothea Grover-Tsimi,               *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the
                                            *   District of Minnesota.
State of Minnesota, collectively; City      *
of Minnetonka; Michael Nelson,              *   [UNPUBLISHED]
individually and in his professional        *
capacity as a Minnetonka Police             *
Officer; Michael Bruckner,                  *
individually and in his professional        *
capacity as a Minnetonka Police             *
Officer; County of Scott; John Grover,      *
individually and in his professional        *
capacity as a Scott County Sheriff's        *
Deputy; Sarah Gorman, individually          *
and in her professional capacity as a       *
Scott County Sheriff's Deputy; John         *
Hoffer, individually and in his             *
professional capacity as a Scott County     *
Sheriff's Deputy/Officer; Scott             *
Anderson, individually and in his           *
professional capacity as a Scott            *
County Sheriff's Deputy; Louis              *
Steinhoff, individually and in his          *
professional capacity as a Scott            *
County Sheriff's Deputy/Officer;            *
Kevin Studnicka, individually and in        *
his professional capacity as a Scott        *

County Sheriff and superior to the          *
Scott County Sheriff's Deputies,             *
                                             *
          Appellees.                         *

_____

Submitted: June 1, 2011
Filed: October 11, 2011

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Vivian Grover-Tsimi appeals following the district court's[1] dismissal of her 42 U.S.C. § 1983 civil rights action. For the following reasons, this court affirms.

First, the district court did not abuse its discretion in denying Grover-Tsimi's motions for default judgment, *see Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) (standard of review), because two of the responsive pleadings were timely and one was only one day late, *see Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Second, the district court properly granted the two motions to dismiss, *see Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (de novo standard of review), because the State of Minnesota enjoys Eleventh Amendment immunity from this suit, *see Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007), and the complaint contained insufficient factual allegations to support the described claims against the City of Minnetonka and the two named police officers, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

Third, this court finds no abuse of discretion in the district court's decision to dismiss without prejudice the remaining defendants for failure to prosecute: twice the court ordered Grover-Tsimi to appear for pretrial conferences that she did not attend, she was warned that failure to appear without permission could result in sanctions, and the dismissal was without prejudice. *See Smith v. Gold Dust Casino*, 526 F.3d 402, 404-05 (8th Cir. 2008) (standard of review); *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam) (pro se litigants are not excused from complying with court orders). Finally, this court rejects Grover-Tsimi's argument that her consent was needed before the magistrate judge could rule on non-dispositive matters and submit recommendations. *See* 28 U.S.C. § 636(b)(1).

Accordingly, this court affirms. *See* 8th Cir. R. 47B.

_____