PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3588
_____

COURTNEY DOUGLASS, on behalf
of herself and all others similarly situated,
Appellant

v.

CONVERGENT OUTSOURCING,
formerly known as ER SOLUTIONS, INC.
_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
D.C. Civil No. 2-12-cv-01524
(Honorable Joel H. Slomsky)
_____

Argued April 8, 2014

Before: FISHER and SCIRICA, *Circuit Judges*, and
*MARIANI, *District Judge*


*Honorable Robert D. Mariani, District Judge for the Middle
District of Pennsylvania, sitting by designation.*

(Filed: August 28, 2014)

Cary L. Flitter, Esq. [ARGUED]
Andrew M. Milz, Esq.
Flitter Lorenz
450 North Narberth Avenue
Suite 101
Narberth, PA  19072

SaraEllen M. Hutchison, Esq.
1752 Northwest Market Street
Suite 915
Seattle, WA  98107

   *Counsel for Appellant*


Richard J. Perr, Esq. [ARGUED]
Fineman, Krekstein & Harris
1735 Market Street
Mellon Bank Center, Suite 600
Philadelphia, PA  19103

Ed W. Walton, Esq.
Bush & Ramirez
101 Metro Drive
Terrell, TX  75160

   *Counsel for Appellee*

―――――――――――――

OPINION OF THE COURT

―――――――――――――

SCIRICA, *Circuit Judge*.


In this case we are asked to decide whether the disclosure of a consumer's account number on the face of a debt collector's envelope violates § 1692f(8) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Section 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers. The District Court held the account number met a "benign language" exception to § 1692f(8) and granted summary judgment to the debt collector. We will vacate and remand.[1]

**I.**

On May 16, 2011, Plaintiff Courtney Douglass received a debt collection letter from Convergent Outsourcing ("Convergent") regarding the collection of a debt that Douglass allegedly owed T-Mobile USA. Visible on the face of the letter, above Douglass's name and address, was the following sequence of numbers representing Douglass's account number with Convergent: "R-xxxx-5459-R241." This number does not refer or relate to her account with T-Mobile USA. Convergent mailed the letter in an envelope

―――――――――――――――――――――

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. Our jurisdiction is provided by 28 U.S.C. § 1291.

with a glassine window. When mailed, the top portion of the letter, including Douglass's account number, was visible through the window. Also visible through the window was Douglass's name and address, a United States Postal Service bar code, and a quick response ("QR") code, which, when scanned by a device such as a smart phone, revealed the same information as that displayed through the glassine window, as well as a monetary amount corresponding to Douglass's alleged debt.

This action was filed in the United States District Court for the Eastern District of Pennsylvania.[2] The complaint was amended to add Douglass as the sole named plaintiff, as well as to initiate a putative class action on behalf of residents of Montgomery County, Pennsylvania, who received similar letters from Convergent exposing their account numbers. The operative Second Amended Complaint alleges when Convergent disclosed Douglass's account number, both on the face of the envelope and embedded in the QR code, it violated § 1692f(8) of the FDCPA, which prohibits "using any language or symbol" other than a debt collector's name and address on an envelope. 15 U.S.C. § 1692f(8). Convergent moved for summary judgment under Fed. R. Civ. P. 56, contending the account number qualified as "benign language" that § 1692f(8) was not meant to prohibit.

The District Court granted summary judgment to

---

[2] Another recipient of a debt collection letter from Convergent, Elisa Brooks-Cunningham, initially filed the complaint. Brooks-Cunningham is no longer a party to this action.

Convergent. The court reasoned that a strict interpretation of § 1692f(8) would contradict Congress's true intent, aimed at barring markings on an envelope that would reveal the letter to pertain to debt collection or harass or humiliate a consumer. Accordingly, the court adopted a benign language exception to the statute, limiting § 1692f(8)'s reach to language or symbols that either (1) signal the letter's purpose of debt collection or (2) tend to humiliate, threaten, or manipulate the recipient of the letter. The court concluded the account number qualified as benign language because it neither indicated the purpose of the letter nor threatened, harmed, or manipulated Douglass. This timely appeal followed.[3]

## II.

On appeal, Douglass contends the language of § 1692f(8) is unambiguous and plainly applies to Convergent's disclosure of her account number on the face of the envelope.[4] Convergent maintains that to enforce the plain meaning of § 1692f(8) would lead to absurd results and the

---

[3] We exercise plenary review of an order granting a motion for summary judgment and apply the same standard the District Court applied. *Lesher v. Law Offices of Mitchell N. Kay, P.C.*, 650 F.3d 993, 996 (3d Cir. 2011). Summary judgment may be granted only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

[4] Douglass no longer presses her argument that Convergent violated the FDCPA by including the QR Code on the envelope. Appellant Br. 5 n.2. We therefore do not decide that issue.

statute must be read to allow for certain benign language, including account numbers, on the face of the envelope. In reply, Douglass insists that even if § 1692f(8) included an exception for benign language, her account number with Convergent is not benign. We agree with Douglass that § 1692f(8) applies to this set of facts and her account number is not benign.

Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). These abusive debt collection practices, Congress found, lead to personal bankruptcies, marital instability, the loss of jobs, and, relevant to our analysis, "invasions of individual privacy." *Id*. § 1692(a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013).

To further the FDCPA's purposes, § 1692f prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f. The statute sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable. *Id.* Subparagraph 8, the focus of this appeal, prohibits the following conduct:

> [u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt

6

collector may use his business name if such name does not indicate that he is in the debt collection business.

*Id.* § 1692f(8).

This case requires us to determine whether § 1692f(8) prohibits Convergent's disclosure of Douglass's account number. In statutory interpretation, we begin with the text. *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011). "If the statute's plain language is unambiguous and expresses [Congress's] intent with sufficient precision, we need not look further." *Id.* (citing *In re Lord Abbett Mut. Funds Fee Litig.*, 553 F.3d 248, 254 (3d Cir. 2009)). But if the "literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters," then we are obligated to "construe statutes sensibly and avoid constructions which yield absurd or unjust results." *United States v. Fontaine*, 697 F.3d 221, 227 (3d Cir. 2012) (internal citations and quotation marks omitted). Where the plain meaning of a statute would lead to an absurd result, we presume "the legislature intended exceptions to its language [that] would avoid results of this character." *Gov't of Virgin Islands v. Berry*, 604 F.2d 221, 225 (3d Cir. 1979) (quoting *United States v. Kirby*, 74 U.S. (7 Wall.) 482, 487 (1868)).

As a threshold matter, we conclude that § 1692f(8)'s prohibition on language and symbols applies to markings that are visible through a transparent window of an envelope. Section 1692f(8) regulates language "*on* any envelope." 15 U.S.C. § 1692f(8) (emphasis added). In this case, the alleged violation involves language printed on the letter itself that

appeared *through* the glassine window of the envelope. Interpreting § 1692f(8) in accordance with its plain meaning, we construe language "on any envelope" to mean language appearing on the face of an envelope. The statute's context further confirms this construction. Section 1692f evinces Congress's intent to screen from public view information pertinent to the debt collection. *See* 15 U.S.C. § 1692f(7) (prohibiting correspondence by post card); *id.* § 1692f(8) (permitting a debt collector's business name to appear on an envelope only if "such name does not indicate that he is in the debt collection business"). Like language printed on the envelope itself, language appearing through a windowed envelope can be seen by anyone handling the mail. And Convergent makes no argument to the contrary. Accordingly, we hold § 1692f(8) applies to language visible through a transparent window of an envelope.

Having concluded that § 1692f(8) applies in general to the facts before us, we address whether Convergent's disclosure of Douglass's account number violates the FDCPA. We find it does.

To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *See, e.g.*, *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). The only element at issue in this case is the fourth—whether Convergent has violated § 1692f(8) of the FDCPA.

The text of § 1692f(8) is unequivocal. "[A]ny

8

language or symbol," except the debt collector's address and, in some cases, business name, may not be included "on any envelope." 15 U.S.C. § 1692f(8). The plain language of § 1692f(8) does not permit Convergent's envelope to display an account number. Because the statute's language is plain, our sole function is "to enforce it according to its terms," so long as "the disposition required by that [text] is not absurd." *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 759 (3d Cir. 2009) (quoting *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004)).

Convergent does not dispute that the plain language of § 1692f(8) prohibits including Douglass's account number on the face of the envelope. Rather, Convergent contends that a literal application of the statute creates an absurdity. If the statute is interpreted to bar any language other than a debt collector's name and address, the argument follows, then no debt collector could ever send a letter through the mail—the envelope could not display the name and address of the recipient or even a stamp without violating the FDCPA. Convergent suggests such an interpretation cannot possibly reflect Congress's intent. Accordingly, Convergent maintains that to prevent absurd results we must adopt a "benign language" exception to the FDCPA that would allow for markings on an envelope so long as they do not suggest the letter's purpose of debt collection or humiliate or threaten the debtor.

We need not decide whether § 1692f(8) contains a benign language exception because even if such an exception existed, Douglass's account number is not benign. While courts may presume Congress intended an exception to a statute that otherwise produces absurd results, *see Berry*, 604 F.2d at 225, the contours of such an exception must comport

9

with the purposes of the Act, *Caprio*, 709 F.3d at 148; *see also Peter v. GC Servs. L.P.*, 310 F.3d 344, 352 (5th Cir. 2002) (holding that an exception for benign language could not be "stretched to cover" conduct by a debt collector implicating a "core concern of the FDCPA"). In other words, we cannot find language exempt from § 1692f(8) if its disclosure on an envelope would run counter to the very reasons Congress enacted the FDCPA.

Here, Convergent's disclosure implicates a core concern animating the FDCPA—the invasion of privacy. Section 1692(a) of the FDCPA explains that Congress enacted the law in response to "abundant evidence" of abusive debt collection practices that cause manifest harms to individuals, among them "invasions of individual privacy." 15 U.S.C. § 1692(a). The disclosure of Douglass's account number raises these privacy concerns. The account number is a core piece of information pertaining to Douglass's status as a debtor and Convergent's debt collection effort. Disclosed to the public, it could be used to expose her financial predicament. Because Convergent's disclosure implicates core privacy concerns, it cannot be deemed benign.

Though several courts, including the Courts of Appeals for the Fifth and Eighth Circuits, have interpreted § 1692f(8) to permit an exception for certain benign or innocuous markings, they did so in the context of envelope markings that did not have the potential to cause invasions of privacy. In *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004), the Fifth Circuit held the marking "priority letter" on the face of an envelope did not violate the FDCPA. Because the Fifth Circuit found § 1692f(8) ambiguous, it looked to the statute's legislative

history and interpretation by the FTC to determine Congress's intent. *Id.* at 493-94. It considered the FTC's interpretation of the statute persuasive because it exempts a category of "harmless words or symbols" from § 1692f(8)'s reach. *Id.* at 494 (quoting FTC Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act (hereinafter "FTC Staff Commentary"), 53 Fed. Reg. 50,097-02, 50,108 (Dec. 13, 1988)).[5] In addition, the court referred to Senate Report 95-382, which explains the Senate's interpretation of the FDCPA bill and describes § 1692f(8) as prohibiting "symbols on envelopes *indicating that the contents pertain to debt collection*." *Id.* (quoting S. Rep. No. 95-382, at 8 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1702) (emphasis added). In light of these sources, the Fifth Circuit concluded that Congress meant to exclude innocuous markings from § 1692f(8)'s prohibition. *Id.* at 494.

The Eighth Circuit adopted a similar statutory exception in *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316 (8th Cir. 2004). In *Strand*, the Eighth Circuit was asked to determine whether markings on an envelope reading "PERSONAL AND CONFIDENTIAL" and "IMMEDIATE REPLY REQUESTED," as well as a corporate logo, violated the FDCPA. *Id.* at 317. The court

---

[5] The FTC Staff Commentary is not a formal regulation and is not binding. FTC Staff Commentary, 53 Fed. Reg. at 50,098 (stating the commentary does not have the force of "formal agency action" and "is not binding on the Commission or the public"); *see also Heintz v. Jenkins*, 514 U.S. 291, 298 (1995) (declining to give conclusive weight to the FTC's interpretation of the FDCPA).

11

reasoned that the plain meaning of § 1692f(8) created "bizarre results" and therefore referred to other sources to discern Congress's intent. *Id.* at 318. Relying on the FDCPA's stated purpose, the legislative history, and the FTC Staff Commentary, the Eighth Circuit concluded that in enacting § 1692f(8) Congress intended to proscribe only those markings that would reveal the contents of the letter to pertain to debt collection. *Id.* at 318-19. Benign markings were therefore exempt. *Id.* at 319.[6]

The disclosures in *Goswami* and *Strand* do not raise the privacy concerns present in this case. The "priority letter" marking in *Goswami* revealed no information about the debtor. 377 F.3d at 494. Nor did the corporate logo and markings reading "PERSONAL AND CONFIDENTIAL" and "IMMEDIATE REPLY REQUESTED" in *Strand*. 380 F.3d at 319. The Fifth and Eighth Circuits found these markings innocuous because they did not intimate the

---

[6] Several district courts have adopted benign language exceptions similar to those crafted by the courts in *Goswami* and *Strand*. *Waldron v. Prof'l Med. Mgmt.*, Civ. No. 12-1863, 2013 WL 978933, at *3-6 (E.D. Pa. Mar. 13, 2013) (finding a QR code met a benign language exception to § 1692f(8)); *Johnson v. NCB Collection Servs.*, 799 F. Supp. 1298, 1305 (D. Conn. 1992) (holding § 1692f(8) permits the display of benign language, including the label "Revenue Department," on an envelope); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1466 (C.D. Cal. 1991) (adopting a benign language exception and applying it to language on an envelope reading "PERSONAL & CONFIDENTIAL" and "Forwarding and Address Correction Requested").

contents of the letters to pertain to debt collection. *Strand*, 380 F.3d at 319; *Goswami*, 377 F.3d at 494; *see also Johnson*, 799 F. Supp. at 1305 (holding the label "Revenue Department" was an innocuous marking not prohibited by § 1692f(8)); *Masuda*, 759 F. Supp. at 1466 (finding no FDCPA violation where an envelope contained language reading "PERSONAL & CONFIDENTIAL" and "Forwarding and Address Correction Requested"). But these courts did not confront an envelope that displayed core information relating to the debt collection and susceptible to privacy intrusions. For this reason, the cases cited by Convergent are inapposite.

Neither Senate Report 95-382 nor the FTC Staff Commentary supports an exception to § 1692f(8) that would exempt the identifying information in this case. The Senate Report lists specific practices that § 1692f would prohibit:

> collecting amounts in excess of the debt or interest owed; causing charges for communications to be billed to a consumer; repossessing property if there is no valid security interest or if it is exempt by law from repossession; communicating information about a debt by postcard; and using symbols on envelopes indicating that the contents pertain to debt collection.

S. Rep. No. 95-382, at 8. But this list does not purport to be complete, and the Report makes no mention of the sort of debtor-identifying information at issue in this case. Absent a more relevant statement regarding the presence of personal data on debt collection envelopes, this legislative history does not support a construction of

13

§ 1692f(8) that would permit the disclosure of information implicating a core concern of the FDCPA.

The FTC Staff Commentary is likewise unpersuasive.[7] The FTC interprets § 1692f(8) to permit the presence on an envelope of "harmless words or symbols" and lists examples of harmless markings—a Western Union logo, the label "telegram," or the word "Personal" or "Confidential." FTC Staff Commentary, 53 Fed. Reg. at 50,108. But like Senate Report 95-382, the FTC Staff Commentary does not address markings that have the potential to identify the debtor and her debt. Moreover, the examples offered by the FTC, which are similar to those addressed in *Goswami* and *Strand*, bear no relation to the disclosure in this case.

Convergent insists that Douglass's account number is a meaningless string of numbers and letters, and its disclosure has not harmed and could not possibly harm Douglass.[8] But

---

[7] As noted above, the FTC's interpretation is not a formal rule entitled to some deference. It is at most persuasive, nonbinding authority. *Goswami*, 377 F.3d at 493 n.1.

[8] Douglass seeks only statutory damages. *See Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) (recognizing a private action under the FDCPA can seek relief in the form of actual damages sustained or "such additional damages as the court may allow" (quoting 15 U.S.C. § 1692k(a))). Convergent contends that if we find a violation of the FDCPA in this case, Douglass is not entitled to those damages because Convergent's disclosure was at most a technical breach. We do not decide this matter because it is for the District Court to determine in the first instance, based on the relevant factors set forth in 15 U.S.C. § 1692k(b). *See* 15 U.S.C. §

14

the account number is not meaningless—it is a piece of information capable of identifying Douglass as a debtor. And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. As we have stated before, the FDCPA "must be broadly construed in order to give full effect to [Congress's remedial] purposes." *Caprio*, 709 F.3d at 148. Construing § 1692f(8) in accord with the FDCPA's purposes in § 1692(a), we find the statute not only proscribes potentially harassing and embarrassing language, but also protects consumers' identifying information. Accordingly, Douglass's account number is impermissible language or symbols under § 1692f(8).[9]

### III.

For the foregoing reasons, we will vacate the District Court's order granting summary judgment to Convergent and remand for further proceedings in accordance with this opinion.

---

1692k(b)(2) (listing factors to consider in the damages determination, including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional").

[9] We recognize that 15 U.S.C. § 1692f(8) should not be read to create absurd results. But we believe the disclosure of private information in this case is proscribed by the Act. We express no opinion as to the benign language exception that some courts have adopted.