JUDGE BRIAN C. WIMES, UNITED STATES DISTRICT COURT
Before the Court is Defendant Nissan North America Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. # 11). The Court, being duly advised of the premises, denies said motion.
BACKGROUND
In this putative class action, Plaintiff Laura Hays alleges Defendants "sold the Class Vehicles without disclosing to consumers that Nissan had opted to install floorboards in the vehicles that do not withstand normal exposure to the elements, do not drain properly and rust through to the degree that holes open up completely through the floorboard allowing visible exposure to the roadway beneath the vehicle" ("Defect") (Doc. # 1 at 1).
Plaintiff alleges claims against Defendants Nissan North America, Inc. ("Nissan") and Nissan Motor Company, LTD[1] , *961 stemming from the purchases of Nissan Altimas with defective floorboards. Plaintiff alleges against Nissan claims of declaratory judgment relief (Count I), breach of Missouri express warranty (Count II), violation of the Missouri Merchandising Practices Act ("MMPA") (Count III), unjust enrichment (Count IV), fraudulent concealment (Count V), and violation of the Magnuson-Moss Warranty Act (Count VI).
In the motion before the Court, Nissan seek dismissal of each of these claims, arguing failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).
LEGAL STANDARD
A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted if it fails to plead sufficient facts, accepted as true, "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662,678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted.) A dismissal under Fed. R. Civ. P. 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citation omitted).
When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]" and must also draw all reasonable inferences in favor of the nonmoving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008). But the Court need not accept as true a legal conclusion couched as a factual allegation. Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.
DISCUSSION
A. THE MOTION TO DISMISS PLAINTIFF'S WARRANTY AND CONCEALMENT CLAIMS ( COUNTS II, V & VI) ARE DENIED.
Plaintiff alleges claims for breach of express warranty (Count II), fraudulent concealment (Count V), and violation of the Magnuson Moss Warranty Act (Count VI) against Nissan. (Doc. # 1).
Plaintiff alleges Nissan "expressly represented and warranted the quality of the Class Vehicles against defects in materials and workmanship for a period of five years." (Doc. # 1 at 27). Plaintiff further alleges "Nissan expressly represented and warranted to Plaintiff and Class members by and through oral and written statements, descriptions, and affirmations of fact through its website, print advertising, marketing materials, that its Class Vehicles were safe and fit for their intended purposes." (Doc. # 1 at 27).
An express warranty is created when "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Wilson v. Marquette Elecs., Inc., 630 F.2d 575, 579 (8th Cir. 1980). Nissan asserts that the breach of express warranty claim is insufficient because the floorboard defect was not within the five-year warranty period. They further assert the express warranty claim is barred by the statute of limitations, and that the express warranty excluded design defects.
*962 In addition to Plaintiff's express warranty claims, Plaintiff also alleges breach of the implied warranty of merchantability under the Magnuson Moss Warranty Act. The Magnuson Moss Warranty Act grants the holder of a warranty a federal cause of action for a breach of warranty under the applicable state law. Sipe v. Workhorse Custom Chassis, LLC, 572 F.3d 525, 530 (8th Cir. 2009). To prove a claim for breach of implied warranty of merchantability in Missouri, a plaintiff must show: (1) that a merchant sold goods, (2) which were not "merchantable" at the time of the sale, (3) injury and damages to the plaintiff or his property (4) which were caused proximately or in fact by the defective nature of the goods, and (5) notice to the seller of the injury. Ragland Mills, Inc. v. General Motors Corp., 763 S.W.2d 357, 360 (Mo. Ct. App. 1989). Nissan asserts that the Magnuson Moss Warranty Act claim is insufficient because it too is barred by the statute of limitations and Plaintiff has not alleged that her vehicle was not merchantable at the time of sale. Having viewed the petition, the Court finds Plaintiff has adequately pleaded that Nissan breached the implied warranty of merchantability. (Doc. # 1 at 35).
In addition to her breach of implied and express warranty claims, Plaintiff asserts a claim for fraudulent concealment against Nissan. In the context of Count V, Plaintiff's allegations of knowing concealment by silence are sufficiently plead. "Silence becomes misrepresentation only when there is a duty to speak, such as 'when one of the parties has superior knowledge or information not within the fair and reasonable reach of the other party.' " Id. Plaintiff asserts that Nissan had "superior knowledge" because they knew that competitors designed and manufactured floorboards differently than Nissan, Nissan designed and manufactured pre-class vehicles differently, and customer complaints revealed the defective floorboards. The Court finds these facts sufficient to justify Plaintiff's fraudulent concealment claims at this time.
To the extent Nissan argues Plaintiff's warranty claims are barred by the statute of limitations, Plaintiff sufficiently plead "knowing and active concealment" of the defect at issue. This plausibly tolls the statute of limitations period. Owen v. General Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008) (In Missouri, a four-year statute of limitations is applicable to breach of express and implied warranty claims on the sale of goods); Pollard v. Remington Arms Co., LLC, No. 13-0086-CV-W-ODS, 2013 WL 3039797 at *7 (W.D. Mo. June 17, 2013) (Concealment must be fraudulent or intentional to constitute concealment sufficient to justify tolling of the statute of limitations.) At this time, the Court finds Plaintiff sufficiently plead fraudulent concealment and arguably the statue of limitations was tolled on Plaintiff's express and implied warranty claims.
Nissan's motion to dismiss Count II, V & VI for violation of express warranty, fraudulent concealment, and violation of the Magnuson Moss Warranty Act are denied.
B. THE MOTION TO DISMISS MMPA CLAIMS ARE DENIED FOR COUNT III.
Plaintiff alleges a claim for violation of the Missouri Merchandising Practices Act ("MMPA"). (Doc. # 1). Nissan asserts Plaintiff's MMPA claims are insufficient because she has failed to plead with the particularity required for Rule 9(b). Nissan further asserts that they did not have a duty to disclose the class vehicle defect to Plaintiff.
The heightened pleading requirement of Rule 9(b) applies to a claim under a state consumer fraud statute, such as the MMPA.
*963 Blake v. Career Educ. Corp., 2009 WL 140742 at *2 (E.D. Mo. Jan. 20, 2009). An MMPA claim requires a plaintiff to allege facts such as "time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001).
Various factual predicates underline Plaintiff's allegations for violations of the MMPA. Plaintiff argues that the basis of her MMPA claim is limited to "material omission" by Nissan, not a false representation (Doc # 17 at 20). A claim for omission of a material fact under the MMPA has a scienter requirement. Armstrong v. American Pallet Leasing Inc., 678 F.Supp.2d 827, 856-7 (N.D. Iowa 2009). Scienter can be established in three ways: (1) from facts demonstrating a mental state embracing an intent to deceive, manipulate, or defraud; (2) from conduct which rises to the level of severe recklessness; or (3) from allegations of motive and opportunity. Id. at 857. A plaintiff must show the defendant failed to disclose material facts "known to him or her, or upon reasonable inquiry would [have been] known to him or her." Plubell v. Merck & Co., Inc., 289 S.W.3d 707, 714 (Mo. Ct. App. 2009) (citations omitted). Plaintiff alleges in several instances that Nissan violated the MMPA. For instance, Plaintiff alleges in ¶ 93 of its complaint that "in or around 2007, when Nissan changed the design of its vehicles to incorporate a change eliminating the Defect, it concealed the Defect of the earlier design from consumers." (Doc. # 1 at 30). Plaintiff also alleges in ¶ 98 of its complaint that "Nissan's deceptive practices, including but not limited to marketing of the Class Vehicles, were designed to induce Plaintiff and the Class members to purchase the Class Vehicles containing the Defect." (Doc. # 1 at 31).
Plaintiff argues that Nissan had superior knowledge and failed to disclose to the public that Class Vehicles had a defect that would cause premature corrosion in the floorboard. A claim for fraudulent omission which alleges one party withheld information based on superior knowledge requires the plaintiff to show that he exercised due diligence to discover the information. See McMahon v. Meredith Corp., 595 F.2d 433, 439 (8th Cir. 1979) ; Fairmont Foods Co. v. Skelly Oil Co., 616 S.W.2d 548, 550 (Mo. Ct. App. 1981). Viewing the pleading in the light most favorable to Plaintiff, the Plaintiff has pled violations of the MMPA sufficiently. Nissan's motion to dismiss Count III for violation of the MMPA is denied.
C. THE MOTION TO DISMISS FOR UNJUST ENRICHMENT CLAIMS ARE DENIED FOR COUNT IV.
Plaintiff alleges a claim for Unjust Enrichment against Nissan. (Doc. # 1). Nissan asserts that Plaintiff's unjust enrichment claim is insufficient because it is governed by an express warranty, and the unjust enrichment claim is premised on the same allegation as the MMPA and concealment claims.
Under Missouri law, to state a claim for unjust enrichment, a plaintiff must show that: (1) the defendant was enriched by the receipt of a benefit; (2) the enrichment was at the expense of the plaintiff; and (3) it would be unjust to allow the defendant to retain the benefit. Exec. Bd. of Missouri Baptist Convention v. Windemere Baptist Conf. Ctr., 280 S.W.3d 678, 697 (Mo. Ct. App. 2009).
An unjust enrichment claim is unavailable when the alleged benefit conferred is the subject matter of a contract. Dubinsky v. Mermart LLC, No. 4:08-CV-1806-CEJ, 2009 WL 1011503 *5 (E.D. Mo. Apr. 15, 2009). However a plaintiff is "certainly *964 entitled to bring an unjust enrichment claim as an alternative ground for relief." Id. The Court denies Nissan's Motion to Dismiss Count IV pursuant to the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 8(e)(2) ; see also Owen v. General Motors Corp., No. 06-4067-CV-CNKL, 2006 WL 2808632 (W.D. Mo. Sept. 28, 2006) ("The fact that a plaintiff cannot simultaneously recover damages for both breach of an express contract and unjust enrichment does not preclude that plaintiff from pleading both theories in her complaint."). Nissan's motion to dismiss Count IV for Unjust Enrichment is denied.
D. THE MOTION TO DISMISS FOR DECLARATORY JUDGMENT CLAIM IS DENIED FOR COUNT I.
Nissan asserts that Plaintiff's declaratory judgment claim is insufficient because Plaintiff's claims are redressable by monetary damages and are duplicative of her warranty claim.
A district court "may declare the rights and other relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Under the Declaratory Judgment Act, the parties must have an actual controversy that is appropriate for judicial determination. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937).
The Court declines to dismiss Count I at this stage in the proceeding. Plaintiff has alleged he is entitled to declaratory relief by alleging in ¶ 68 of its complaint that "there is an actual controversy between Nissan and Plaintiff concerning: whether the Class Vehicles are defectively designed thus causing them to fail; whether Nissan knew or should have known of the defect; whether Nissan failed to warn against the potential unsuitability of its defectively designed Class Vehicles; whether Nissan knowingly denies the existence of the Defect in its Class Vehicles; and whether Nissan bears responsibility for providing cost-free repairs for damages caused by the Defects in Class Vehicles. Plaintiff incorporated by reference all of her other allegations against Nissan. Accordingly, it is hereby
ORDERED Defendant's Motion to Dismiss (Doc. # 11) is DENIED.

Nissan Motor Company, LTD has not been served in this action (Doc. # 12 at 7). The Court refers only to Nissan North America, Inc. as "Nissan" in this Order.