# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3435

_____

Troy K. Scheffler

*Plaintiff - Appellant*

v.

Messerli & Kramer P.A.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 8, 2015
Filed: June 29, 2015
[Published]

_____

Before LOKEN, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

In September 2009, law firm (and Appellee in this case) Messerli & Kramer, P.A. (Messerli), obtained a default judgment for its client, Capital One Bank, against Troy Scheffler, the Appellant in this case and a former debt collector himself. Having learned that Scheffler, at that time, had a reputation as "the most litigious debtor" in Minnesota, Messerli instructed its employees not to contact Scheffler about his file.

According to Scheffler, he nonetheless sent a cease-and-desist letter to Messerli in March 2011. Messerli says it received no letter, Scheffler never produced one in the district court, and there is no letter in the record on appeal.

Messerli attempted to enforce the judgment against Scheffler by serving him with a garnishment summons in April 2014. The summons informed Scheffler that it was "from a debt collector and is an attempt to collect a debt." Scheffler returned to Messerli a printed Exemption Form, which Messerli had included with the garnishment summons. On that form he claimed that all of the money the bank had frozen was protected, but he gave no reason why it was protected. Instead, he asserted that the source of the money in his account was "[his] butt" and that he was entitled to death benefits because he "died and payed [his] death with poop money." He also wrote on the form, "I told you that you were wasting your time and money."

Scheffler then enlisted an attorney who sent a letter to Messerli asking it to honor the cease-and-desist request Scheffler purportedly had sent. The letter also asserted that Scheffler is "judgment proof" and suggested Messerli redirect its "debt collection energies in a different direction from Mr. Scheffler."

Scheffler then, acting pro se, sued Messerli in federal court under various sections of the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA), and state laws. Messerli moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Scheffler responded and then, through counsel, moved to amend his complaint. The district court held a hearing on both motions. At the end of the hearing, the district court denied Scheffler's motion to amend and granted Messerli's motion to dismiss.[1] We review de novo the court's dismissal under Rule 12(b)(6).

_____

[1]On appeal, Scheffler briefly mentions the denial of his motion to amend, but he nowhere explains why he thinks that denial was improper. Thus, he has waived this issue, see Roemmich v. Eagle Eye Dev., LLC, 526 F.3d 343, 355 n.12 (8th Cir. 2008), and we will not address it further. Because the district court denied the motion

County of Ramsey v. MERSCORP Holdings, Inc., 776 F.3d F.3d 947, 950 (8th Cir. 2014).

On appeal, Scheffler first argues that Messerli improperly pulled his credit report twice, only nine days apart, despite his letter requesting a cease. But there is no evidence that Scheffler requested Messerli cease its communications with him. The letter from his attorney merely asks that Messerli honor the earlier letter Scheffler allegedly had sent and of which, as we noted, there is no evidence. And even if there were a cease letter, Messerli's communications did not violate it. A creditor may communicate with a debtor after receiving a cease letter "to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor." 15 U.S.C. § 1692c(c)(2). That is exactly what the garnishment letter was—a notification that Capital One would be attempting to collect the debt Scheffler owed.

Scheffler also argues that Messerli failed to send him notice of its use or viewing of his credit reports. But under the FCRA, Messerli could request Scheffler's credit report for use "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of*, the consumer." 15 U.S.C. § 1681b(a)(3)(A) (emphasis added). The consumer report that Messerli obtained involved Scheffler, "the consumer on whom the information is to be furnished," and involved the "collection of an account of" Scheffler's to pay the debt he owes to Capital One. Messerli did not need to notify Scheffler before reviewing that information.

---

to amend, and because Scheffler fails to contest that decision in this court, any reference to the complaint is to the original document and not the proposed amended complaint.

Scheffler next argues that the garnishment summons constituted an "adverse action" that requires notice to the debtor. But service of a garnishment summons is not listed in the FRCA's definition of an "adverse action" requiring notice to the consumer. See 15 U.S.C. §§ 1681m(a)(1) (requirement of notice), 1681a(k) (defining "adverse action"). And Scheffler cites no authority for his assertion that the garnishment summons qualifies under § 1681a(k)(1)(B)(iv)(II) as "an action taken or determination that is . . . adverse to the interests of the consumer."

Last, Scheffler loosely argues that the district court incorrectly dismissed his state-law claim alleging invasion of privacy. Minnesota recognizes a claim for relief for invasion of privacy based on a theory of "intrusion upon seclusion." See Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 235 (Minn. 1998). But to state a claim under that theory, the plaintiff must allege, among other things, that he had a legitimate expectation of privacy in the secluded matter. Swarthout v. Mut. Serv. Life Ins. Co., 632 N.W.2d 741, 744 (Minn. Ct. App. 2001). The intrusion on the secluded information also must be "highly offensive to the ordinary reasonable [person]." Id. at 745 (quotation omitted).

The collection of the bank-account information here was not "highly offensive"; in fact, it was authorized by law. Minnesota Statute § 550.011 advises that if a judgment is left unsatisfied for 30 days, an attorney for the creditor on that judgment may request information from the debtor regarding the debtor's assets, liabilities, and personal earnings. In other words, Messerli (the attorney for creditor Capital One) could request from Scheffler, or request the Minnesota court to obtain, his banking information.

For the above reasons, we affirm the judgment of the district court.

_____