# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2141

_____

Troy K. Scheffler

*Plaintiff - Appellant*

v.

Gurstel Chargo, P.A.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 15, 2018
Filed: August 27, 2018

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Troy Scheffler sued Gurstel Chargo, P.A. ("Gurstel"), claiming Gurstel violated the Fair Debt Collection Practices Act ("FDCPA"). The district court[1] granted Gurstel's motion for summary judgment. We affirm.

_____

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

## I. Background

Scheffler is a former debt collector who has litigated a number of FDCPA claims against other debt collectors. Gurstel is a law firm engaged in debt collection. Scheffler's case against Gurstel involves a credit card debt for which Gurstel obtained judgment against Scheffler in 2009, and later communications between Scheffler and Gurstel.

In both 2014 and 2015, Gurstel mailed Financial One Credit Union a garnishment notice in an attempt to collect on the judgment. Each time, Gurstel also mailed a copy of the garnishment summons to Scheffler, along with a similar cover letter. The 2015 cover letter stated, "These documents were served upon Financial One Credit Union, on or about August 6, 2015. If you have any questions, please contact **one of our collection representatives at 800-514-0791**." (emphasis in original). The letter also included what is sometimes referred to in the industry as a "mini-Miranda" warning, which stated: "This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose."

In September 2015, Scheffler called the telephone number included in the 2015 cover letter and reached Gurstel collection representative John Salter. The conversation quickly drifted toward the underlying debt, prompting Scheffler to ask, "OK, so what am I gonna do about that?" In response, Salter broached the possibility of settling the debt. Scheffler soon told Salter that Scheffler had sent Gurstel a "cease" letter and suggested Salter violated its directive. The conversation ended soon after.

Scheffler thereafter sued Gurstel in state court and Gurstel removed the case to federal court. Scheffler's operative complaint alleged that Gurstel violated his

rights under provisions of the FDCPA, 15 U.S.C. §§ 1692c(c) and 1692e(10). Section 1692c(c), entitled "Ceasing communication," states in part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . .

The FDCPA expressly exempts certain communications, including those made "to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor." *Id.* at § 1692c(c)(2).

Section 1692e, entitled "False or misleading misrepresentations," prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." It is deemed a violation if a debt collector makes "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* at § 1692e(10).

Scheffler alleged his rights under § 1692c(c) were violated when, after receiving his cease letter, Gurstel: (1) sent Scheffler the garnishment summons cover letter; and (2) tried to collect the underlying debt during the September phone call. As to the alleged violation of § 1692e(10), Scheffler alleged the cover letter to the garnishment summons was part of a false and deceptive practice under which Gurtsel "deceives debtor consumers to telephone their business to discuss a garnishment summons when in fact the telephone number provided reaches those unable to discuss legal documents." Sheffler alleged this was a bait-and-switch scheme under which consumers seeking answers to a legal process are instead subjected to efforts to collect a debt.

After discovery, Gurstel moved for summary judgment on all claims. The district court granted Gurstel's motion in its entirety and dismissed Scheffler's case with prejudice. *See Scheffler v. Gurstel Chargo, P.A.*, Civil No. 15-4436(DSD/SER), 2017 WL 1401278 (D. Minn. April 19, 2017) (hereinafter cited to as the "Order").

The district court concluded that Scheffler's claims under § 1692c(c) failed. The district court first reasoned that prior precedent, *Scheffler v. Messerli & Kramer P.A.*, 791 F.3d 847, 848 (8th Cir. 2015), dictated that sending the garnishment notice itself was not a violation. Further, the district court held that Gurstel's inclusion of an invitation to call with questions was not a violation. As for the phone call between Scheffler and Salter, the district court found "[w]hen reviewed as a whole, the call was an unsubtle and ultimately unsuccessful attempt to provoke Salter into committing an FDCPA violation," and that Salter handled the call appropriately. Finally, the district court reasoned that even if the call could be construed as an effort to collect on the debt, "Scheffler's conduct and words constituted a waiver of his cease letter" and his waiver was "knowing and voluntary."

As to Scheffler's § 1692e(10) claim, the district court rejected Scheffler's argument that Gurstel's cover letter falsely indicated that Scheffler could call the number on the letter to discuss the garnishment notice with a lawyer. The district court explained the letter did not state the call would be answered by an attorney prepared for questions solely about garnishment, but instead accurately stated that Scheffler could contact a collection representative. Further, the district court also rejected Scheffler's argument that by including "a so-called mini-Miranda warning" on the cover letter, Gurstel transformed the letter into an improper debt-collection effort. Finally, the district court reasoned that "the call itself was not a debt-collection effort in violation of the FDCPA."

-4-

## II. Discussion

We review the "grant of summary judgment de novo and may affirm on any basis supported by the record." *Nash v. Optomec, Inc.*, 849 F.3d 780, 783 (8th Cir. 2017) (quoting *Tenge v. Phillips Modern Ag Co.*, 446 F.3d 903, 906 (8th Cir. 2006)). We will affirm a dismissal only if, after viewing the evidence in the light most favorable to Scheffler, we conclude "there is no genuine dispute as to any material fact." *Id.* (quoting Fed. R. Civ. P. 56(a)).

### A. The Unsophisticated Consumer Standard

Scheffler's first argument on appeal is that the district court failed to apply what is known as the unsophisticated consumer standard. As a general matter, we have applied the unsophisticated consumer standard to FDCPA claims. *See Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). It "is 'designed to protect consumers of below average sophistication or intelligence without having the standard tied to "the very last rung of the sophistication ladder."'" *Id.* (quoting *Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000)). "This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id.* at 317-18.

Scheffler contends that rather than using this standard, "the district court faulted Mr. Scheffler for his prior debt collecting work" and for his past appeal before this Court in *Scheffler*, 791 F.3d 847. We disagree.

Scheffler's argument is contradicted by the express language of the district court's order. Not only did the district court correctly articulate the unsophisticated consumer standard, it explicitly applied that standard when analyzing both of Scheffler's statutory claims. Regarding Scheffler's § 1692c(c) claim, the district

court stated that Scheffler's waiver of his cease letter was "knowing and voluntary, *just as it would be were he an unsophisticated debtor*." Order at 8 (emphasis added). And in the district court's analysis regarding Scheffler's § 1692e claim, the district court rejected Scheffler's argument that the cover letter was deceptive by stating that the letter "certainly was not deceiving to Scheffler, whose experience in debt collection and FDCPA litigation belies his grievance, *but neither would it be deceiving to an unsophisticated consumer*." *Id.* at 9 (emphasis added). Considering these statements, we have no reason to believe the district court failed to apply the unsophisticated consumer standard.[2]

### B. Section 1692c(c) — Violation of Cease Letter

We next address Scheffler's argument that the district court erred by concluding Gurstel was entitled to summary judgment on his claim that Gurstel violated § 1692c(c) in its communications with him. As to mailing the garnishment

---

[2]This Court has not yet applied the unsophisticated consumer standard in the specific context of a § 1692c(c) claim. The Ninth Circuit has, however, applied a similar version of the standard (the "least sophisticated debtor" standard) when analyzing a waiver of rights under § 1692c(c), reasoning that it "will enforce a waiver of the cease communication directive only where the least sophisticated debtor would understand that he or she was waiving" such rights. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). Judge O'Scannlain criticized the majority's use of the least sophisticated standard to evaluate a § 1692c(c) waiver, explaining it was unnecessary because "in any conceivable case, a debtor who phones a debt collector to request information must be said to have sufficient awareness of the relevant circumstances and likely consequences of her action." *Id.* at 1180 (O'Scannlain, J., concurring in part and dissenting in part). Judge O'Scannlain saw "no reason to use any standard other than common sense." *Id.* at 1181 (internal quotation marks omitted). We need not decide whether the unsophisticated consumer standard applies to a § 1692c(c) waiver because Scheffler's acts would constitute a waiver under the unsophisticated consumer standard or one of common sense. *See infra* Part II.B.

notice, we agree with the district court that our prior precedent dictates that providing a copy of the garnishment summons after receiving the cease letter did not violate the statute. *See Scheffler*, 791 F.3d at 848. "A creditor may communicate with a debtor after receiving a cease letter 'to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor.'" *Id.* (quoting § 1692c(c)(2)).

Scheffler maintains, however, that the cover letter's inclusion of a so-called "directive" to contact one of Gurstel's collection representatives, with the explicit statement that the letter "is an attempt to collect a debt," transformed the correspondence into a communication regarding the debt in violation of § 1692c(c). We disagree. The cover letter was a communication regarding the debt in a general sense, but it still fits within the remedy exception under § 1692c(c)(2), making the communication permissible. We see nothing improper with providing a phone number for Scheffler to contact if he had questions. To the contrary, it would be odd if the letter did not provide contact information. Therefore, we hold that Gurstel did not violate § 1692c(c) by including its contact information on the cover letter.

We also reject Scheffler's argument that Gurstel violated his rights under § 1692c(c) by discussing possible resolution of the debt during the September phone call. Scheffler contends that he called only about the topic of the garnishment summons and did not wish to talk about the debt. After reviewing the conversation that took place, however, we agree with the district court's assessment that "the call was an unsubtle and ultimately unsuccessful attempt to provoke Salter into committing an FDCPA violation." Order at 8.

It is true that Gurstel representative Salter discussed a possible debt resolution with Scheffler. However, it is important to note that Scheffler called Gurstel and the brief conversation regarding settling the underlying debt occurred only in response to Scheffler's direct question of what he was "gonna do about" the debt. Salter fairly

answered Scheffler's question by stating that Gurstel was willing to settle the debt and asking if Scheffler was interested in doing so. At no point did Salter pressure or badger Scheffler in any way.

We agree with the Ninth Circuit that § 1692c(c) does not prevent a debt collector from responding to a debtor's post-cease letter inquiry regarding a debt. *See Clark*, 460 F.3d at 1170. "Indeed, to hold that a debt collector may not respond to a debtor's telephone call regarding his or her debt would, in many cases, 'force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to resolve the debt—something that is clearly at odds with the language and purpose of the FDCPA.'" *Id.* (quoting *Lewis v. ACB Business Servs.*, 135 F.3d 389, 399 (6th Cir. 1998)).

Even if Salter's communication can be construed as an effort to collect on the debt in violation of the cease letter, it occurred after Scheffler called and asked a question about the underlying debt. An unsophisticated consumer would know that by behaving like Scheffler, he was waiving his rights under § 1692c(c) so as to allow the debt collector to answer his question. *See id.* We hold Scheffler voluntarily and knowingly waived his cease letter for purposes of allowing Salter to answer his question, and therefore Gurstel did not violate Scheffler's rights under § 1692c(c) by briefly discussing a possible resolution of the debt during the phone call.

### C. Section 1692e(10) — Deceptive Debt Collection

We finally consider Scheffler's contention that the district court was wrong to grant Gurstel summary judgment on his claim that Gurstel violated § 1692e(10) by falsely or deceptively communicating through the cover letter that a collection representative could answer garnishment summons questions.

Scheffler's argument fails under the unsophisticated consumer standard. As an initial matter, we agree with the district court's assessment that the cover letter accompanying the garnishment summons was accurate. Contrary to Scheffler's contention, "[t]he letter does not state that the number provided will be answered by an attorney prepared to answer questions solely about garnishment." Order at 9. The letter suggested a collection representative could be reached at the listed number and that proved to be true. As for Scheffler's belief that the letter accompanying the garnishment summons was part of some novel deceptive scheme to work around the cease directive, this is the exact sort of peculiar interpretation against which debt collectors are protected by the objective element of the unsophisticated consumer standard. *See Strand*, 380 F.3d at 318 (explaining that the objective element of the unsophisticated consumer standard "protect[s] debt collectors from liability for peculiar interpretations of collection letters"). We therefore hold Gurstel was also entitled to summary judgment on Scheffler's § 1692e(10) claim.

## III. Conclusion

We affirm the district court's summary judgment order in its entirety.

_____