**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3017
_____

LATASHA DANIELS,
On Behalf of Herself and All Others Similarly Situated,
Appellant

v.

SOLOMON & SOLOMON P.C.;
JOHN DOES 1-25
_____

Appeal from the United States District Court for the Eastern District of Pennsylvania
(District Court No. 2-17-cv-00757)
District Judge: R. Barclay Surrick
_____

Argued on May 16, 2018
_____

Before: McKEE, SHWARTZ and COWEN, *Circuit Judges*.

(Opinion filed: September 12, 2018)

Joseph K. Jones            [ARGUED]
Benjamin J. Wolf
Jones Wolf & Kapasi
375 Passaic Avenue, Suite 100
Fairfield, NJ 07004
            Counsel for Appellants

William F. McDevitt        [ARGUED]
Wilson Elser Moskowitz Edelman & Dicker
2001 Market Street, Two Commerce Square, Suite 3100
Philadelphia, PA 19103
            Counsel for Appellee

_____

OPINION[*]

_____

McKEE, *Circuit Judge*.

Latasha Daniels claims that a debt collection letter she received from Defendants violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692(p) (1977), by suggesting the involvement of an attorney and threatening legal action. Because we find that the complaint fails to satisfy federal pleading requirements, we will affirm the District Court's dismissal of the complaint for failure to state a claim.

**I.**

The disputed letter reads:

Dear Latasha Daniels:

Please be advised that your account with Solomon and Solomon P.C. still remains unpaid, and has been reported to the national credit bureaus. You should act now to resolve this problem!

This is urgent, please remit payment for balance in full today so that we can make appropriate updates to your credit report.

You can contact us by phone at 1-877-803-1942, e-mail at myaccount@solomonpc.com. Or make payment on our website at www.solomonpayments.com.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Calls are randomly monitored, and may be recorded to ensure quality service.[2]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[2] JA 77.

The letter was not signed by a Solomon and Solomon attorney or employee. The website to which the correspondence directed Daniels linked to Solomon and Solomon's webpage. It is undisputed that Solomon and Solomon did not employ an attorney licensed to practice law in Pennsylvania at any time relevant to this dispute.

Daniels filed a class action complaint, arguing that the letter violated 15 U.S.C. §§ 1692e(3), (5), and (10). The District Court later granted the Defendants' Rule 12(b)(6) motion to dismiss, and this timely appeal followed.[3]

When reviewing a Rule 12(b)(6) dismissal, we accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them.[4] We affirm the order of dismissal if the pleading does not plausibly suggest an entitlement to relief.[5]

## II.

The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt."[6] We have held that "lender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor."[7]

---

[3] The District Court had jurisdiction over this FDCPA proceeding under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.
[4] *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citation and internal quotation marks omitted).
[5] *Id.*
[6] 15 U.S.C. § 1692e.
[7] *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006).

"However, while the least sophisticated debtor standard protects naive consumers, 'it also prevents liability for bizarre or idiosyncratic interpretations of collection notices . . . .'"[8]

This dispute arises from the statute's prohibition of "(3) [t]he false representation or implication that any individual is an attorney or that any communication is from an attorney"; "(5) [t]he threat to take any action that cannot legally be taken or that is not intended to be taken"; and "(10) [t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[9]

To succeed on her FDCPA claim, Daniels must establish: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."[10] Only the fourth prong is disputed.

### 1.

Daniels first argues that the letter violates §§ 1692e(3) and 1692e(10) of the FDCPA because it falsely implies that an attorney was meaningfully involved in the collection of her debt.[11] She contends that the letter, which includes the name "Solomon

---

[8] *Id.* at 453 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000)).
[9] 15 U.S.C. §§ 1692e(3), (5), (10).
[10] *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); *see also Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).
[11] 15 U.S.C. § 1692e(3) provides that debt collectors may not make a "false representation or implication that any individual is an attorney or that any communication is from an attorney" in their debt collection communications.

4

and Solomon P.C." in the top right-hand corner of the letterhead and in the body of the letter,[12] would confuse a debtor about whether Solomon and Solomon was acting as an attorney. Daniels's contention is without support. Unlike the cases Daniels relies upon, the letter here bears no attorney's signature. It also contains a disclaimer stating that the communication was sent by a debt collector. As the District Court observed, a debt collection letter not reviewed by an attorney but sent on law firm letterhead may not violate the FDCPA if the letter contains a proper disclaimer.[13]

On appeal, Daniels also contends the webpage referenced in the debt collection letter further demonstrates that the correspondence violates §§ 1692e(3) and (10). However, our review of a Rule 12(b)(6) dismissal is limited to the face of the complaint and documents attached to it.[14] Accordingly, Daniels cannot rely on the content of the Defendant's webpage absent an allegation in the complaint that would bring the webpage within the scope of our inquiry. Yet, the webpage was neither referenced in her complaint nor attached to it.[15]

2.

---

[12] JA 77.

[13] *See Lesher v. Law Offices of Mitchell N. Kay, P.C.*, 650 F.3d 993, 1001 (3d Cir. 2011) (citing *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir. 2005)).

[14] *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015); *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." (citations omitted)).

[15] Our conclusion here does not consider whether a website referenced in a debt collection letter may be relied upon to support an FDCPA claim.

Daniels also argues that the letter violates § 1692e(5) because it threatens to take legal action that cannot legally be taken. She contends that the language "act now to resolve this problem!" implies that Solomon and Solomon could initiate a legal action against her even though it has no attorney licensed to practice law in Pennsylvania.[16] We disagree.

The statement "act now to resolve this problem" is little more than a statement urging Daniels to resolve an outstanding debt. It neither explicitly nor implicitly threatens legal action. Moreover, the letter is devoid of legal jargon and, other than the possible inference arising from the firm's name in the heading, makes no reference to legal action whatsoever.[17]

3.

Finally, Daniels argues that the District Court improperly dismissed her complaint with prejudice. But Daniels never sought leave to amend the complaint. We have long held "that, to request leave to amend a complaint, the plaintiff must submit a draft amended complaint to the district court so that it can determine whether amendment would be futile."[18] Since Daniels failed to take the required action to amend her complaint, the District Court did not err in dismissing it with prejudice.[19]

---

[16] JA 77.

[17] Because Daniels' claim under §1692e(10) relies on the same meritless arguments as her claims under § 1692e(3) and (5), it too fails to provide a basis for relief.

[18] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

[19] *Id.* at 253 ("In sum, we hold that in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint.").

**III.**

For the foregoing reasons, we will affirm the judgment of the District Court.