**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1445
_____

MICHAEL BREEN,

Appellant

v.

CALLAGY LAW PC; MICHAEL J. SMIKUN
_____

On Appeal from the United States District Court for the
District of New Jersey
(District Court No.: 2:18-cv-14472)
District Court Judge: Madeline Cox Arleo

_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 12, 2021

(Filed  April 5, 2021)

Before:  CHAGARES, SCIRICA and RENDELL, *Circuit Judges*.
_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge.*

Appellant Breen challenges the District Court's order granting Appellees' ("Callagy") motion to dismiss and its order denying Breen's request for leave to amend his complaint. Breen, an attorney, sued Callagy, a law firm and one of its attorneys, for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* Because we agree with the District Court's reasoning in both its orders, we will affirm.

I.

As we write for the parties who are well-acquainted with the facts of this case, we set forth the following background only as necessary to resolve this appeal.

In 2009, Breen, acting as an attorney for nonparties Christopher and Holly Boling, filed a personal injury action in the U.S. District Court for the Western District of Kentucky. The Bolings later entered into two loan agreements with Cambridge "to obtain funding" because, "[d]ue to [their] injuries, [they] [did] not have sufficient funds to pay for the necessities of life or medical care." App. AA019; AA028. Under these agreements, the Bolings assigned Cambridge an interest in a portion of any proceeds from the litigation. As the Bolings' attorney, Breen executed two acknowledgements, one for each loan agreement, which directed him to deposit proceeds from the litigation into his attorney trust account and to satisfy Cambridge's interests before making any disbursements. Upon the conclusion of the Boling's personal injury action, however, and contrary to the acknowledgments, Breen deposited the proceeds into his co-counsel's attorney trust account without informing, or making any payment to, Cambridge.

2

Soon after they received the proceeds of their personal injury action, the Bolings successfully sued Prospect[1] in the U.S. District Court for the Western District of Kentucky contending that the loan agreements were invalid under Kentucky state laws prohibiting usury. Prospect, represented by Callagy, thereupon sued Breen in New Jersey Superior Court. Breen removed the case to federal court where the District Court dismissed it by consent. Prospect then again sued Breen for breach of contract and breach of fiduciary duty arising from his execution of the acknowledgements.

In response, Breen then sued Callagy in the U.S. District Court for the District of New Jersey alleging that in suing him on behalf of Prospect, Callagy was, in effect, acting as a debt collector under the FDCPA and that it had violated the FDCPA's debt collection requirements.

Callagy moved to dismiss the action for failure to state a claim, arguing the obligation at issue was not a "debt" as defined under the FDCPA. 15 U.S.C. § 1692a(5) (2018). The District Court agreed that the obligation did not meet the statutory definition of a debt because, to the extent Breen had incurred any debt at all, it arose from a transaction for commercial purposes and not for personal, family, or household purposes. Id. Noting that Breen's alleged obligations under the loan agreements arose "in connection with his [legal] representation of the Bolings, a commercial or business purpose," the District Court reasoned the debt was commercial in nature and, therefore, the FDCPA, which regulates the collection of consumer debt, did not apply. App. A4.

---

[1] Cambridge assigned its interest in the loan agreements to Callagy' client, Prospect Funding Holdings, LLC ("Prospect").

3

After the District Court dismissed the case, Breen filed a motion to alter judgment under Fed. R. Civ. P. 59(e), arguing that the District Court committed clear error when it denied his request for leave to amend his complaint.  The District Court denied the motion, concluding that Breen failed to demonstrate clear error because he had not formally requested leave to amend.  Even if he had, the District Court further reasoned, its dismissal of his complaint was without prejudice such that Breen could have but did not file an amended complaint.  Indeed, he further failed to include an amended complaint as an exhibit to his motion to alter judgment to support his contention that he could readily remedy any deficiency in his pleadings.  Breen then filed this timely appeal.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.  *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 356 (3d Cir. 2018).  We review the District Court's decision to dismiss this case for failure to state a claim *de novo*.  *Id.*  We review the District Court's denial of Breen's request for leave to amend for abuse of discretion.  *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 486 (3d Cir. 2017).

## III.

## A.

In 1977, Congress passed the FDCPA to protect consumers from abusive debt collection practices.  *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 301–02 (3d Cir. 2014).  "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice

4

involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Id.* at 303. At issue in this appeal is the third element of the claim.

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). As the District Court noted, it is well established that "debts incurred for *commercial, business or professional purposes do not qualify as FDCPA debts*." App. A4 (emphasis added); *see also Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 n.23 (3d Cir. 2000) (noting water and sewage obligations of consumers "who own their property for *business* purposes are not 'debts'").

Breen argues that his obligation—which we assume, without deciding, resulted from his execution of the acknowledgments—constitutes a debt under the FDCPA because the underlying loans obtained *by his clients* were "to pay for the[ir] necessities of life or medical care," during the pendency of their case. Appellant's Br. 23. We agree with the District Court that this argument is unavailing given the nature of the transaction as it relates to Breen. While the Bolings' obligations *may* be a "debt" under the FDCPA, Breen's obligations are not because they arose "strictly in connection with his *commercial* law practice." App. A5 (emphasis added). Thus, we agree with the District Court's determination that Breen's obligations do not constitute a debt under the FDCPA.

B.

Next, Breen argues the District Court abused its discretion in denying his request for leave to amend his complaint, which he contends he made in his opposition brief to Callagy's motion to dismiss. Specifically, Breen maintains the District Court's denial of his request and failure to give specific reasons for the denial constituted clear error and an abuse of discretion. As both the District Court notes in its order and Callagy notes in its brief, however, Breen did not formally request leave to amend.[2]

Ultimately, we need not decide whether Breen's general invocation of the concept of amendment in his Opposition Brief constituted a sufficient request for leave to amend because it is apparent from the record that any amendment in this case would be futile. Amending a complaint, "would be futile if the complaint, as amended, would nonetheless be subject to dismissal for failure to state a claim." *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 494 (3d Cir. 2017). Because we agree with the District Court that Breen's FDCPA claim fails on the merits, any request to amend the complaint would have been futile as a matter of law. *See id.* (having concluded plaintiff could not state a claim for discrimination under Title VII, the Court explained granting plaintiff leave to amend his complaint would be futile). Thus, to the extent the District Court may have

---

[2] Although Breen argues he formally requested leave to amend his complaint in his "Opposition Brief" below, the Opposition Brief shows only that Breen argued that "even if the Motion [to Dismiss] were meritorious, the remedy is not dismissal but granting Plaintiff leave to amend." *Breen v. Callagy Law, P.C.*, Civ. A. No. 18-14472, CM/ECF No. 7 at 15 (D.N.J. Dec. 24, 2018). Despite advancing this argument, Breen failed to request the leave to which he claimed he was entitled. Instead, he requested only that the District Court "deny Defendants' Rule 12(b)(6) Motion to Dismiss." Pl.'s Opp'n Br. 38.

erred in failing to articulate, with specificity, its reasons for denying Breen leave to amend, such error was harmless. *See Lake v. Arnold*, 232 F.3d 360, 373–74 (3d Cir. 2000) (explaining that "[n]ot providing a justification for a denial of leave to amend . . . does not automatically constitute an abuse of discretion as long as the court's rationale is readily apparent from the record on appeal.").

IV.

For these reasons, we will affirm the District Court's orders.