**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3046-22

TARIQ ELSHABBA, individually
and on behalf of all others similarly
situated,

     Plaintiff-Appellant,

v.

JEFFERSON CAPITAL
SYSTEMS, LLC,

     Defendant-Respondent.

_____

Argued March 12, 2025 – Decided May 2, 2025

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1676-21.

Philip D. Stern argued the cause for appellant (Kim Law Firm LLC, attorneys; Philip D. Stern and Yongmoon Kim, on the briefs).

Aaron R. Easley argued the cause for respondent (Sessions Israel and Shartle, LLC, attorneys; Aaron R. Easley and Jay I. Brody, on the brief).

PER CURIAM

Plaintiff Tariq Elshabba, individually and on behalf of all others similarly situated, appeals from the April 26, 2023 Law Division order granting defendant Jefferson Capital Systems, LLC's motion to dismiss plaintiff's complaint for failure to state a claim. We affirm.

Plaintiff incurred a debt and the lender transmitted that debt to defendant, a debt collector. Defendant engaged a third-party letter vendor to draft, print, address and mail a collection letter to plaintiff. The letter included plaintiff's account number, the amount due to the lender and plaintiff's full name and address.

In May 2021, plaintiff filed a single-count purported class action complaint alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to 1692p. Defendant, in lieu of an answer, moved to dismiss the complaint pursuant to Rule 4:6-2(e).

After hearing oral argument, Judge Bruno Mongiardo granted defendant's motion and dismissed the complaint in an April 26, 2023 order accompanied by a thorough and cogent oral decision. Quoting In re Camden County, 170 N.J. 439, 449 (2002), the judge first found plaintiff lacked standing because "there [was] not a . . . 'substantial likelihood' that . . . plaintiff will . . . 'suffer harm in

the event of an unfavorable decision.'"  He further determined plaintiff "[did] not have a . . . 'sufficient stake' in the litigation" nor "real adverseness with respect to the subject matter," and therefore lacked standing to bring the action. The judge nevertheless considered the merits of plaintiff's complaint in the event we disagreed with his standing decision.

In evaluating whether plaintiff sufficiently pleaded a claim for a violation of the FDCPA, the judge noted the plain language of the FDCPA prohibits a debt collector from communicating, "in connection with the collection of a[ny] debt."  15 U.S.C. § 1692c(b).  After reviewing the legislative history of the FDCPA, the judge dismissed the claim, reasoning "plaintiff [did] not allege that the vendor misused the information, that the vendor disseminated the information, or even that any individual at the vendor saw the information," but rather plaintiff's conduct was "a benign administrative task" and not the "abusive, harassing, or misleading conduct" Congress intended to prevent by enacting the FDCPA.  The motion judge further found "[defendant's] letter is not false, deceptive, or misleading as to the effect of a payment on the enforceability of the debt," and therefore did not violate 15 U.S.C. §§ 1692c, e, or f.

This appeal follows.

3

We review de novo an order dismissing a complaint for lack of standing. Courier-Post Newspaper v. Cnty. of Camden, 413 N.J. Super. 372, 381 (App. Div. 2010). Rule 4:26-1 provides, "[e]very action may be prosecuted in the name of the real party in interest." Standing requires that "a party must present a sufficient stake in the outcome of the litigation, a real adverseness with respect to the subject matter, and a substantial likelihood that the party will suffer harm in the event of an unfavorable decision." In re Camden Cnty., 170 N.J. at 449.

Because New Jersey takes "a liberal approach to standing," id. at 448, we are persuaded plaintiff established standing to bring this suit. Plaintiff had an interest in litigating the alleged exposure of his personal data to a third party and, if successful, would have been entitled to compensatory damages, as well as attorneys' fees and costs. 15 U.S.C. § 1692k.

In agreeing plaintiff had standing to bring this action, we next consider the motion judge's dismissal of the complaint for failure to state a claim pursuant to Rule 4:6-2(e), which we review de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)).

In considering a Rule 4:6-2(e) motion, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving

the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). "The essential test [for determining the adequacy of a pleading] is simply 'whether a cause of action is "suggested" by the facts.'" Green v. Morgan Props., 215 N.J. 431, 451-52 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "At this preliminary stage of the litigation the [c]ourt is not concerned with the ability of [the] plaintiff to prove the allegation contained in the complaint." Printing Mart-Morristown, 116 N.J. at 746.

"[I]f the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Dimitrakopoulos, 237 N.J. at 107. "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

On appeal, plaintiff largely reprises the same arguments raised before the motion judge: his claims should not be dismissed. We disagree, addressing plaintiff's claims in turn.

In order to establish an FDCPA claim, a plaintiff must demonstrate: (1) the plaintiff is a consumer; (2) the defendant is a debt collector; (3) the

5

challenged practice involves an attempt to collect a "debt" as defined by the FDCPA; and (4) the defendant violated the FDCPA in attempting to collect the debt. Midland Funding LLC v. Thiel, 446 N.J. Super. 537, 549 (App. Div. 2016) (quoting Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)). Here, the motion judge correctly considered legislative intent to determine whether the alleged conduct violated the FDCPA.

In examining the plain meaning of a statute, "the Legislature's intent is paramount and, generally, the statutory language is the best indicator of that intent." Hodges v. Sasil Corp., 189 N.J. 210, 223 (2007). "Statutory words are ascribed their ordinary meaning and are read in context with related provisions, giving sense to the legislation as a whole." Ibid. "Our duty is to construe and apply the statute as enacted." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (quoting In re Closing of Jamesburg High Sch., 83 N.J. 540, 548 (1980)).

Plaintiff alleged defendant's use of a letter vendor to create a debt collection letter was, in and of itself, abusive, deceptive or unfair. In support of his arguments, plaintiff cites out-of-state decisions interpreting the FDCPA. We note "decisions of the federal courts of appeals are not binding on this court," Daniels v. Hollister Co., 440 N.J. Super. 359, 367 n.7 (App. Div. 2015), and therefore decline to address the out-of-jurisdiction cases cited by plaintiff. See

6

Pressler & Verniero, Current N.J. Court Rules, cmt. 3.5 on R. 1:36-3 (2025) ("On questions of federal constitutional law and statutory law, only decisions of the United States Supreme Court are binding on the courts of this state.").

We concur with the motion judge's determination that defendant's use of a letter vendor was not abusive, deceptive, nor unfair and reject plaintiff's proposed interpretation of the FDCPA as uncritically literal. Defendant's disclosure of debt-related information to a letter vendor was not the type of conduct Congress intended to regulate when it enacted the FDCPA. When viewing plaintiff's complaint and affording him all reasonable inferences of fact, plaintiff did not "genuinely allege" any facts establishing defendant's conduct violated the FDCPA.

To the extent we have not expressly addressed any of plaintiff's remaining issues, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hawley

Clerk of the Appellate Division

A-3046-22