**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0158-24

SCOTT DIANA, on behalf of
himself and those similarly situated,

    Plaintiff-Appellant,

v.

FIRST NATIONAL COLLECTION
BUREAU, INC.,

    Defendant-Respondent,

and

LVNV FUNDING, LLC,

    Defendant.

_____

Argued September 16, 2025 – Decided October 6, 2025

Before Judges Susswein, Chase and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3014-23.

Yongmoon Kim argued the cause for appellant (Kim Law Firm, LLC, attorneys; Yongmoon Kim, Mark H. Jenson, and Philip D. Stern, on the briefs).

Austin P. O'Brien (J. Robbin Law, PLLC) argued the cause for respondent.

PER CURIAM

Plaintiff Scott Diana, on behalf of himself and those similarly situated, appeals from an August 2, 2024, Law Division order granting defendant First National Collection Bureau, Inc.'s ("FNCB") motion to dismiss his complaint for failure to state a claim. We affirm.

In 2015, Credit One Bank, N.A. issued a credit card to plaintiff. He made payments for six months, then stopped, despite continuing to make purchases. The bank canceled the account and transferred all rights and interests of the debt to LVNV Funding, LLC ("LVNV").

Resurgent Capital Services, L.P, as LVNV's servicing agent assigned the account to FNCB, a Nevada corporation registered to transact business in New Jersey. FNCB then hired a third-party letter vendor to prepare and mail a collection letter to plaintiff. This letter included plaintiff's account number, the amount due, and his full name and address.

In August 2023, plaintiff filed a four-count putative class action complaint alleging: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 to 1692p; (2) violations of the Consumer Fraud Act; (3) negligence; and (4) invasion of privacy based on defendant's sharing of

A-0158-24

plaintiff's personal information with a third-party vendor it employed to mail a collection letter to plaintiff. The parties later filed a stipulation to dismiss LVNV and the Consumer Fraud Act count.

In lieu of an answer, defendant moved to dismiss the complaint under Rule 4:6-2(e) arguing plaintiff failed to state a claim upon which relief may be granted. The court dismissed all counts, issuing an oral opinion, and entered a corresponding order.[1]

This appeal follows.

## I.

We review de novo a motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e). Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). We evaluate only the "'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). "The essential test [for determining the adequacy of a pleading] is simply 'whether a cause of action is "suggested" by the facts.'" Green v. Morgan

_____

[1] Plaintiff does not appeal the dismissal of claims alleging negligence and invasion of privacy.

A-0158-24

Props., 215 N.J. 431, 451-52 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "At this preliminary stage of the litigation the [c]ourt is not concerned with the ability of [the] plaintiffs to prove the allegation contained in the complaint." Printing Mart-Morristown, 116 N.J. at 746. "[I]f the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Dimitrakopoulos, 237 N.J. at 107. "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

## II.

On appeal, plaintiff contends that the trial court misapplied applying the FDCPA and misinterpreted congressional intent in enacting it. We disagree.

The relevant statute, 15 U.S.C. § 1692c(b), states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the

A-0158-24

attorney of the creditor, or the attorney of the debt collector.

To succeed on an FDCPA claim, a plaintiff must prove: "(1) [he] is a consumer, (2) the [party seeking payment] is a debt collector, (3) the . . . challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the [collector] has violated a provision of the FDCPA in attempting to collect their debt." Midland Funding LLC v. Thiel, 446 N.J. Super. 537, 549 (App. Div. 2016) (quoting Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)).

In examining the plain meaning of a statute, "the Legislature's intent is paramount and, generally, the statutory language is the best indicator of that intent." Hodges v. Sasil Corp., 189 N.J. 210, 223 (2007) (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)). "Statutory words are ascribed their ordinary meaning and are read in context with related provisions, giving sense to the legislation as a whole." Ibid. The "[c]ourt's duty is clear: 'construe and apply the statute as enacted.'" Ibid. (quoting In re Closing of Jamesburg High Sch., 83 N.J. 540, 548 (1980)).

"In adopting the Act, [. . . ] Congress left no doubt that its purpose was to protect debtors from abuse and that Congress perceived a need for national uniformity to fulfill that goal." Rutgers-The State Univ. v. Fogel, 403 N.J.

Super. 389, 394 (App. Div. 2008). The FDCPA begins by reciting the findings made by Congress as the basis for its adoption. Congress found there to be "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Those unacceptable practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Ibid.

The statute's clear wording shows that the FDCPA does not apply to every communication made to a third party. Only communications whose primary purpose is to induce payment violate the FDCPA's third-party communication restrictions. Here, FNCB's transmission of plaintiff's information to a letter vendor did not itself seek to collect payment. Instead, it represented an internal step to facilitate mailing the collection letter. As such, it was not violative of the FDCPA.

Plaintiff also alleges defendant's use of a letter vendor to create a debt collection letter was, in and of itself, abusive, deceptive or unfair. In support of his arguments, plaintiff cites out-of-state decisions interpreting the FDCPA. We note "decisions of the federal courts of appeals are not binding on this court," Daniels v. Hollister Co., 440 N.J. Super. 359, 367 n.7 (App. Div. 2015), and therefore decline to address the out-of-jurisdiction cases cited by plaintiff. See

A-0158-24

Pressler & Verniero, Current N.J. Court Rules, cmt. 3.5 on R. 1:36-3 (2025) ("On questions of federal constitutional law and statutory law, only decisions of the United States Supreme Court are binding on the courts of this state.").

Plaintiff reads the FDCPA too literally. The statute does not cover FNCB's conduct here. Even affording plaintiff all reasonable inferences, his complaint fails to allege facts that could establish a violation of the FDCPA.

Because a debt collector's use of a third-party letter vendor to mail a collection notice does not constitute prohibited third-party communication under the FDCPA and because defendant did not file a cross appeal, we do not need to reach the issue of whether plaintiff had standing.

To the extent we have not expressly addressed any of plaintiff's remaining issues, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0158-24