**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2121-24

WILSON F. PESANTEZ and
AMELIA A. VELARDE,

      Plaintiffs-Appellants,

v.

ROGER MARTINDELL,

      Defendant-Respondent.

_____

Submitted November 5, 2025 – Decided November 20, 2025

Before Judges Perez Friscia and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2005-24.

Perlman DePetris Consumer Law LLC and Lewis G. Adler, attorneys for appellants (Lewis G. Adler and Lee M. Perlman, of counsel; Paul DePetris, of counsel and on the briefs).

Roger Martindell, respondent pro se.

PER CURIAM

Plaintiffs Wilson F. Pesantez and Amelia A. Velarde appeal from the January 17, 2025 motion court order dismissing their complaint against defendant Roger Martindell without prejudice. Having reviewed the record, parties' arguments, and applicable law, we affirm.

I.

We derive the following salient facts from the record. Defendant is a licensed attorney. He sent plaintiffs a letter dated October 28, 2023, explaining that he represented "Walter Rivas and others" (Rivas parties). Defendant asserted the Rivas parties were seeking the repayment of a loan that plaintiffs received for their home reconstruction. The letter was titled "Notice to Cease and Desist [and] Notice of Claims." Defendant's letter stated the following:

> I understand that the [d]welling was destroyed by fire and that you sought and received financing from my clients . . . in excess of $50,000 to rebuild it. With my clients' funds, you have rebuilt the [d]welling and I understand that you are marketing it for sale but now refuse to repay the loan.
>
> Additionally, it has come to my attention that, without appropriate authorization, you recently caused Wilson Pesantez to be added as an additional named account holder in connection with Walter Rivas's Home Depot credit card. On October 27, 2023, acting on behalf of Mr. Rivas, I informed Home Depot to remove his name from any credit card you hold and to cancel any credit card issued to you that has any link to Mr.

A-2121-24

Rivas's credit card. Evidence of the foregoing is enclosed with this letter.

This is [a] <u>Notice to Cease and Desist</u> your use of any credit card, Home Depot or otherwise, that is linked to Mr. Rivas or any member of his family.

Also, this is [a] <u>Notice of Claims</u> as described above. Be advised that if I do not hear from you within seven (7) days of the date of this letter, I shall file a [c]omplaint against each of you in the Superior Court of New Jersey, Law Division, Mercer County, stating claims against each of you, jointly and severally, for breach of contract, fraud, unjust enrichment, etc., and seek compensatory damages, punitive damages, and an award of attorney's fees and costs of suit.

Contact me immediately, or have your representative do so.

[(boldface omitted).]

After defendant received no response from plaintiffs, he filed an amended complaint on March 27, 2024, asserting breach of contract and related claims. On August 9, plaintiffs filed an answer, counterclaim, and third-party complaint. Plaintiffs alleged multiple claims against the Rivas parties, including breach of fiduciary duty and fraud.

On October 10, plaintiffs filed a complaint against defendant alleging a single claim for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to -1692p. In the complaint, plaintiffs stated three "factual

allegations" relating to defendant's status as a debt collector. Plaintiffs alleged under paragraph twelve that "defendants were attorneys licensed to practice law in New Jersey and debt collectors as defined by the FDCPA." Further, under paragraph thirteen, plaintiffs alleged that "[d]efendants advertise themselves as handling consumer fraud matters," referring to defendant's website. Despite plaintiffs' use of "defendants," defendant has represented he is a solo practitioner. Paragraph twenty-five alleged, "As part of its practice, the [defendant] routinely collects consumer debts," but no supporting facts are provided. Plaintiffs also recited the FDCPA's definition of debt collectors, under 15 U.S.C. §1692a(6), as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed . . . or due another." Plaintiffs' complaint included more than thirty cited cases and consisted of approximately twenty pages of boilerplate "congressional findings" and legal summaries with citations.

On November 25, defendant filed a motion to dismiss the complaint for failure to state a claim for relief, which plaintiffs opposed. At argument, on January 17, 2025, defendant argued plaintiffs' complaint had "no basis in fact that [he] was a debt collector" and there was "[n]ot a single fact list[ed] . . . that

4

[he] somehow wanted to get some money" from plaintiffs. He noted the complaint was "on behalf of [his] client," the Rivas parties, "who [loaned] a lot of money to help a neighbor" and "were suing" plaintiffs for repayment of the loan. Further, he argued that if plaintiffs' lawsuit was permitted to proceed on such conclusory allegations, then "a lot of lawyers" would be "swept under" the scope of the FDCPA for representing clients in lawsuits seeking damages. Finally, defendant highlighted that plaintiffs were not precluded "from coming forward later if they . . . f[ound] facts that would allow them to amend their complaint."

After argument, the court granted defendant's motion to dismiss for failure to state a claim because plaintiffs had failed to plead sufficient facts regarding defendant's status as a debt collector. The court specifically found plaintiffs inadequately stated facts to support an FDCPA claim against defendant, reasoning that they only made "conclusory" statements that defendant was a debt collector and had "cut and paste[d] [language] from the statute." Further, the court explained that plaintiffs' paragraphs twelve and twenty-five contained only vague references to defendant's status as a debt collector. Recognizing plaintiffs' claim was afforded a liberal review, the court dismissed the complaint

5

without prejudice, finding no facts suggested defendant acted as a debt collector under the FDCPA.[1]

On appeal, plaintiffs contend the court committed reversible error because their complaint "stated a plausible claim for relief."

II.

The "decision granting or denying a motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e) is reviewed de novo." Maia v. IEW Constr. Grp., 257 N.J. 330, 341 (2024). We afford "no deference to the trial court's legal conclusions." Kennedy v. Weichert Co., 257 N.J. 290, 302 (2024). "The plaintiff is entitled to the benefit of every reasonable inference as we 'search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Pace v. Hamilton Cove, 258 N.J. 82, 96 (2024) (omission in original) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "When deciding a motion to dismiss under Rule 4:6-2(e), the test to determine 'the adequacy of a pleading' is 'whether a cause of action is "suggested" by the facts.'" Doe v. Est. of C.V.O.,

_____

[1] Because plaintiffs did not move to amend their complaint and instead filed this appeal, we treat the January 17, 2025 order as a final order. See Johnson v. City of Hoboken, 476 N.J. Super. 361, 370 (App. Div. 2023).

6

477 N.J. Super. 42, 54 (App. Div. 2023) (quoting MasTec Renewables Constr. Co. v. SunLight Gen. Mercer Solar, LLC, 462 N.J. Super. 297, 309 (App. Div. 2020)). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

"Where, however, it is clear that the complaint states no basis for relief and that discovery would not provide one, dismissal of the complaint is appropriate." Johnson, 476 N.J. Super. at 371 (quoting Sparroween, LLC v. Township of West Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017)). Indeed, "the essential facts supporting plaintiff[s'] cause of action must be presented in order for the claim to survive; conclusory allegations are insufficient in that regard." AC Ocean Walk, LLC v. Am. Guarantee & Liab. Ins. Co., 256 N.J. 294, 311 (2024) (quoting Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012)).

"The purpose of the FDCPA is to protect consumers from 'abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against' such practices." Midland Funding LLC v. Thiel, 446 N.J. Super. 537, 549 (App. Div. 2016) (quoting 15 U.S.C. § 1692(e)). To succeed on an FDCPA claim, debtors must establish: "'(1) [they are]

7

consumer[s], (2) the [defendant] is a debt collector, (3) the . . . challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the [collector] has violated a provision of the FDCPA in attempting to collect the debt.'" Ibid. (fourth alteration in original) (quoting Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)).

III.

Plaintiffs contend their complaint provides sufficient factual information supporting that defendant acted as a debt collector to withstand dismissal for failure to state a claim under Rule 4:6-2(e). Specifically, plaintiffs argue that the complaint's statement that defendant is a debt collector is sufficient because "without discovery, no amount of repleading will allow plaintiffs to reinstate the case." A review of plaintiffs' complaint demonstrates they only included the bare assertion that defendant is a debt collector pursuant to the FDCPA, 15 U.S.C. § 1692a(6), which is insufficient to state a claim.

Plaintiffs also argue that the court failed to provide an adequate statement of reasons for dismissing their complaint. The court's oral decision succinctly explained that plaintiffs failed to provide a single fact supporting defendant was a debt collector. Regarding plaintiffs' boilerplate complaint language, which heavily recites the prevalent law, the court correctly found it could not serve as

8

a substitute for the necessary factual predicate for the FDCPA's debt collector element. The court's oral decision clearly stated "factual findings and correlate[d] them with the relevant legal conclusions." Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)); see also R. 1:7-4(a) (requiring trial courts to make sufficient "find[ings] [of] . . . facts and state [their] conclusions of law").

The record also belies plaintiffs' contention that the court required specific facts regarding "defendant's past debt collection history to plead a viable FDCPA claim" that would make it impossible for "consumer litigants . . . at the pleading stage of the case." The court did not require plaintiffs to recite an extensive debt collection history, but rather stated plaintiffs had to aver a fact supporting defendant was a debt collector. While plaintiffs' one count complaint is lengthy, it is devoid of any facts to support their claim that defendant was acting as a debt collector. Plaintiffs' statements that defendant is an attorney, sent a letter on behalf of the Rivas parties, and handled "consumer fraud matters," according to the firm's website, are insufficient.

Reviewing plaintiffs' complaint generously to ascertain the fundament of a cause of action, we conclude plaintiff failed to state any facts to support defendant was a debt collector.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2121-24